[No. 931. Decided November 25, 1893.]

C. D. BROWN AND A. F. NORTON, *Appellants*, v. J. N. PORTER AND J. H. BEARDSLEE, *Respondents*.

BREACH OF CONTRACT — PLEADING — DAMAGES — EVIDENCE — INSTRUCTIONS — JUDGMENT — EFFECT OF NON-ENTRY.

In an action for the breach of a contract to clear certain land of standing timber so as to fit it for seeding, an answer, which admits the contract but denies a breach thereof, and shows affirmatively that defendants were proceeding with due performance thereof according to its terms until requested by plaintiffs to desist from so doing, cannot be said to be either sham, frivolous or immaterial.

Although testimony admitted on a trial may be of slight significance, yet where it is pertinent to the issues, it is not error to admit it and allow the jury to pass upon its weight.

Where instructions are not as full and complete on some particular points as desired, the party objecting should ask the court to make them more specific, before he can except on that ground.

Where a contract under seal is not fully performed by one party solely because the other party requested him to proceed no further, the party asking for non-performance is not entitled to damages.

Although a judgment may not be entered within the time provided by law, it is not thereby rendered void.

*Appeal from Superior Court, Chehalis County.*

*Austin E. Griffiths,* for appellants.

*George J. Moody,* for respondents.

The opinion of the court was delivered by

ANDERS, J.— The plaintiffs by this action seek to recover damages from the defendants for an alleged breach of a written and sealed contract entered into between the plaintiffs and the defendants, wherein the former agreed to give and grant to the latter all the useful and salable wood and timber on a certain described ten acres of land, in Chehalis county, and to provide access thereto, and, in consideration whereof, the latter agreed to clear the land in a specified manner, and leave it fit for seeding purposes, between June 1, 1890, and September 1, 1891, and to do a reasonable portion thereof in the summer of 1890. To secure the faithful performance of the contract, the respective parties acknowledged themselves bound, each to the other, in a certain penal sum, as fixed and liquidated damages.

The complaint alleged the making of the contract, due performance by plaintiffs, and specific breaches thereof by the defendants. The defendants, in their answer, admitted the making of the contract, but denied all other allegations of the complaint, and affirmatively alleged, in effect, that they fully performed their part of the agreement during the year 1890, by clearing a reasonable portion of the land

during that time, in accordance with the terms of their said contract, and to the satisfaction of the plaintiffs, and that thereafter, and in the year 1891, they continued the work of slashing and cutting down the timber, small trees and underbrush on the remainder of said land, until requested and directed by plaintiffs to desist from so doing. And the defendants further alleged that the plaintiffs refused to allow them to perform the contract according to the terms thereof, and by reason thereof demanded the damages stipulated for in the agreement from the plaintiffs.

The plaintiffs, appellants here, moved the court to strike the answer from the files, for the alleged reasons that the defenses therein set forth were inconsistent, and that the same was sham, frivolous and immaterial. The motion was denied by the court, after which a demurrer was interposed by the plaintiffs to the new matter in the answer, and overruled. We fail to perceive any error in either of these rulings of the court. In our judgment the defenses set forth in the answer are not necessarily inconsistent, and it is, therefore, unnecessary for us to discuss that question in this instance. A pleading is generally said to be sham when it is good in form, but palpably false in fact. And, tested by that definition, the defense objected to is not sham. Neither is it frivolous or immaterial.

Objection is also made that the court erred in admitting certain testimony which was objected to by the plaintiffs, but we are unable to see wherein the court committed any substantial error in that regard. Some of the testimony thus admitted was probably of slight significance, but, as we view it, it was all pertinent to the issues on trial, and its weight was a question for the exclusive consideration of the jury.

The law of the case, we think, was fairly and impartially presented to the jury. If the instructions of the court were not as full and complete on some particular points as

the plaintiffs desired, it was their duty to ask the court to make them more specific before objecting thereto on that ground. The court, on the trial of the cause, proceeded, it seems, upon the theory that the contract under consideration, though under seal, might be rescinded or abandoned by parol, by mutual consent of the parties thereto, and that, if it was a fact that the contract was not fully performed by the defendants, solely because the plaintiffs requested or directed them to proceed no further, then the plaintiffs were not entitled to damages. Upon that theory the instructions to the jury were framed, and we think the court was right. A contrary rule would permit one party to a contract to recover damages from the other for a breach occasioned wholly by himself, which would be manifestly unjust. As all of the instructions requested by the plaintiffs, which were proper, were substantially included in those given by the court, there was no error in refusing them.

Nor is the objection tenable that "the verdict was not sustained by any evidence." We have carefully read all the evidence in the record, and deem it amply sufficient to sustain the verdict.

Lastly, it is contended that the judgment is void because it was not entered within the time limited by law. While some cases may be found to the contrary, the decided weight of the authorities is to the effect that judgments so entered are not void. See 12 Am. and Eng. Ency. Law, p. 71. But if it is void, the appellants ought not to complain, as in that event the respondents are the parties most injured thereby.

Judgment affirmed.

DUNBAR, C. J., and HOYT, STILES and SCOTT, JJ., concur.