[No. 2975. Decided July 10, 1899.]

HENRY ALLEND, *Respondent,* v. THE SPOKANE FALLS AND NORTHERN RAILWAY COMPANY, *Appellant.*

MASTER AND SERVANT—INJURY TO SERVANT—MASTER'S LIABILITY—PLEADING.

In an action by an employee for injuries received from an explosion of giant powder on a construction train, caused by sparks from the engine, the fact that plaintiff alleges in his complaint that " if defendant had exercised ordinary care in and about the construction and use of said engine said sparks would not have been emitted and the explosion would not have occurred," does not limit the plaintiff to proof of defective construction and careless management of the engine as the proximate cause of the explosion, as such allegation is merely the pleader's conclusion, drawn from preceding facts stated, and hence an immaterial statement, there being other sufficient allegations in the complaint charging negligence in placing the powder on the train, exposed to flying sparks, and failing to warn plaintiff thereof.

SAME—EVIDENCE.

In an action for personal injuries resulting from the explosion of giant powder in a caboose, alleged to have been caused by sparks from the engine, although there is no evidence of a single spark coming into the caboose on the day of the accident, yet where the evidence shows that the engine was a wood burner and emitted a large volume of sparks whenever it was operated; that at the time of the explosion sparks were flying past the caboose, which had both its side doors open, and that there was no other source from which the fire could have originated, the evidence is sufficient to raise a question of fact for the jury to pass upon.

PLEADINGS—AMENDMENT—WHEN PERMISSIBLE.

A party is entitled to amend his pleading at the close of the evidence, to correspond to the evidence introduced, when it contains no new allegations, tending in any way to surprise or mislead the adverse party, and when its only effect would be to harmonize the allegations of his pleading.

REVIEW ON APPEAL—PLEADING AND PROOF—AMENDMENTS.

Under Bal. Code, § 6535, authorizing the supreme court on appeal to consider all amendments which could have been made as made, that court will treat a pleading as amended whenever it is necessary to do justice between parties litigant, when it can be done without depriving either party of a substantial right.

INSTRUCTIONS—APPLICABILITY TO FACTS—INVASION OF JURY'S PROVINCE.

Where the evidence shows that an engine employed by defendant was defective and emitted sparks to such an extent that it was liable to set fire to anything combustible with which the sparks came in contact; that defendant hauled along with its workmen, on a given day, an explosive, liable to be exploded by sparks and failed to inform the workmen that an explosive was being hauled with them, the use of such an engine, under such circumstances, would be negligence; and a charge to the jury that if they "believe from the evidence that the defendant's engine, which drew the car or caboose in which the explosion complained of occurred, was defective, and that in consequence of said defect said engine emitted large quantities of fire sparks which set fire to the contents of the box in said car containing dynamite, and caused the explosion described in plaintiff's complaint, and that plaintiff was injured by such explosion, then they should find that the defendant was guilty of negligence," is applicable to the facts of the case, and is not objectionable as being an invasion of the province of the jury.

SAME—INCOMPLETENESS—OBJECTIONS—HOW RAISED.

An objection that instructions given omit what should properly be contained therein will not be considered on appeal, where the lower court's attention was not called to the omission and a request made for such modification or further instructions as the complaining party deemed proper.

DISCOVERY—EXAMINATION OF PARTIES—USE OF ANSWERS TO INTERROGATORIES.

Under the provisions of Bal. Code, §§ 6008-6013, authorizing the examination by written interrogatories of the adverse party, after the filing of the moving party's pleading in the case, only

such portion of the interrogatories and answers as the party procuring them chooses may be given in evidence, where they are complete in themselves and have no connection with the other answers.

MASTER AND SERVANT—VICE PRINCIPAL—DUTY TO PROVIDE SAFE PLACE FOR WORK.

Where the master has delegated to an employee his authority and his duty to provide a reasonably safe place for other employees to work in, the employee intrusted with the master's duty in this respect, although not authorized to employ or discharge workmen, occupies the position of a vice principal.

Appeal from Superior Court, Spokane County.—Hon. WILLIAM E. RICHARDSON, Judge. Affirmed.

*Albert Allen* and *Jay H. Adams,* for appellant:

The plaintiff must recover upon the theory and allegations of the complaint or not at all. The proof must fit the allegations of the complaint. Where there is an allegation of particular negligence, coupled with an averment that in the absence of such negligence the accident would not have occurred, there cannot be a recovery without proving the specific negligence charged. *Marsh v. Wade,* 1 Wash. 538; *Distler v. Dabney,* 3 Wash. 200; *Osten v. Winehill,* 10 Wash. 333; *Mescall v. Tully,* 91 Ind. 96; *First National Bank v. Root,* 107 Ind. 224; *Supervisors v. Decker,* 30 Wis. 624; *Union Pacific Ry. Co. v. Wyler,* 158 U. S. 285; *Cleveland, C. C. & I. Ry. Co. v. Wynant,* 100 Ind. 160; *Woodward v. Oregon Ry. & Nav. Co.,* 18 Ore. 289.

The use of a defective engine by a railway company is not negligence under any and all circumstances. This being true it is for the jury, and not the court, to say whether the use of a defective engine, under the particular circumstances of a given case, is or is not negligence. *Missouri Pacific Ry. Co. v. Lee,* 35 Am. & Eng. R. R. Cas. 364; *Gulf, C. & S. F. Ry. Co. v. Anderson,* 42 Am. & Eng. R. R. Cas. 160.

The court below erred in permitting the respondent to read to the jury certain only of the answers to interrogatories without reading all. The interrogatory practice under the Code takes the place of the discovery under the old practice. Under that practice the answer of the defendant under oath, if used at all, was introduced in its entirety, and, while the complainant was entitled to the admissions in the answer, he could use the answer only in connection with such explanation and other pertinent matter as the defendant saw fit to set up in defense. 1 Foster, Federal Practice, p. 259; 1 Daniel, Chancery Practice (5th ed.), 716, 720, and notes; *Moore v. Palmer,* 14 Wash. 134; *Mulhern v. Grove,* 70 N. W. 15.

*Henley, Kellam & Lindsley, W. H. Plummer,* and *W. J. Thayer,* for respondent:

It is the general rule that when an accident occurs from an appliance which is shown to be under the defendant's control, which does not happen in the ordinary course of events, negligence may be established *prima facie* by circumstantial evidence. 1 Jones, Evidence, § 14; *Mullen v. St. John,* 57 N. Y. 569 (15 Am. Rep. 530); *Ellis v. Waldron,* 33 Atl. 869; *Hogan v. Manhattan Ry. Co.,* 43 N. E. 403; *Sheridan v. Foley,* 33 Atl. 484; *Howser v. Cumberland & P. R. R. Co.,* 30 Atl. 906 (45 Am. St. Rep. 332, 27 L. R. A. 154); *McQueen v. Mechanics' Institute,* 40 Pac. 114; *Linderberg v. Crescent Mining Co.,* 33 Pac. 692; *Cunningham v. Union Pacific Ry. Co.,* 7 Pac. 795; *Barnowski v. Helson,* 50 N. W. 989 (15 L. R. A. 32); *Inland, etc., Coasting Co. v. Tolson,* 11 Sup. Ct. 653 (35 L. ed. 270); *Klepsch v. Donald,* 8 Wash. 162 (31 Am. St. Rep. 936).

The above rule has also been often applied in cases such as the one at bar where fires have been started by locomotives, the general rule being that the setting of a fire

by a railway locomotive raises a presumption of negligence on the part of the railway company. 1 Jones, Evidence, § 182; *Kenney v. Hannibal & St. J. R. R. Co.,* 70 Mo. 243; *Smith v. Chicago, M. & St. P. Ry. Co.,* 4 S. Dak. 71; *Union Pacific Ry. Co. v. Keller,* 54 N. W. 420; *Atchison, T. & S. F. R. R. Co. v. Bales,* 16 Kan. 252; *Jackson v. Chicago & N. W. R. R. Co.,* 31 Iowa, 176 (7 Am. Rep. 120); *Field v. New York Central R. R. Co.,* 32 N. Y. 345; *Huyett v. Philadelphia, etc., R. R. Co.,* 23 Pa. St. 373; *Gainesville, J. & S. R. R. Co. v. Edmondson,* 29 S. E. 213; *White v. Chicago, M. & St. P. Ry. Co.,* 9 L. R. A. 824.

The opinion of the court was delivered by

FULLERTON, J.—The appellant is a railway corporation owning and operating a line of railway in this state. In the month of April, 1897, the respondent was one of its employees, engaged, as a common laborer with others, in riprapping and repairing certain parts of the appellant's roadbed in the vicinity of Marcus, in Stevens county, in this state; all working under the supervision of one George Harkleroad. The appellant used in this work a construction train consisting of an engine, certain flat cars and a caboose, for the purpose of transporting the necessary materials, the laborers, and their working tools, from place to place, as the exigencies of the work required. On the morning of the 28th of April, 1897, the train, being at Marcus, went over the road for a couple of miles, where the trainmen loaded in the caboose certain tools and a box of giant powder and fuse. The fuse was wrapped in a paper and placed on top of the powder. The train then went back to Marcus, where the respondent and his colaborers boarded the caboose, and the train proceeded on its way towards the place of labor for the ensuing day. After the train had gone for some distance an alarm was

raised, whereupon it was discovered that the paper wrapped around the fuse was on fire, and the men hurriedly endeavored to get off the car. When the fire was discovered the train was going at considerable speed, but began to slow up when the alarm was sounded. The respondent reached the back step of the caboose, where he stopped for an instant, waiting for the speed of the train to slacken so that he might jump off with greater safety, when the powder exploded. The explosion tore away all of the superstructure of the car, causing pieces of board to fly in all directions, one of which struck the respondent on the head over the ear, by reason of which, he alleges, his ear was permanently injured. The respondent contends that the explosion occurred because of the negligence of the railroad company, and brought this action to recover damages for his injuries.

In his complaint, after the preliminary allegations, the respondent alleges that one George Harkleroad was the foreman employed by the appellant, and was by the appellant given authority over him, with power to direct his work, labor, and movements, and that he was in all things required by the terms of his employment to follow the instructions of Harkleroad; that he boarded the car at the direction of Harkleroad, without being informed or having knowledge that it contained any dangerous explosive, —the sixth, seventh and eight paragraphs of the complaint being as follows:

" 6.   That the engine to which said caboose was attached was in such a defective and wornout condition, and so carelessly managed by said defendant, that it emitted a large volume of dangerous sparks and if defendant had exercised ordinary care in and about the construction and use of said engine, said sparks would not have been emitted and the explosion hereinafter mentioned would not have occurred.

7.   That on said 28th day of April, 1897, after plaintiff had boarded said caboose, and while riding

thereon to his place of labor as directed by said defendant, said explosive substance was ignited by the sparks emitted by said engine, and without warning, and without plaintiff having an opportunity of saving himself from injury, said explosive substance exploded with terrific force and violence and caused the injuries to plaintiff hereinafter mentioned.

8.   That said explosive substance was concealed in said car and covered up in such a way by defendant that no one could tell that any explosive substance was there, and the same constituted a latent and terrible danger, which was well known to the defendant and unknown to this plaintiff, and defendant ordered plaintiff to board said car and place himself in close proximity to said explosive substance, and to put himself in imminent danger of his life, well knowing the peril to which plaintiff was being exposed; and defendant did not exercise reasonable care or any care at all and was negligent and careless in storing and carrying said explosive substance as alleged herein, and ordering plaintiff near it without plaintiff's knowledge, and in using a defective engine; and was negligent in not warning plaintiff of the danger to which he was exposing himself.   And defendant negligently placed and allowed said explosive substance to remain in a position where it was probable and likely to be exploded by the sparks coming from said engine."

The complaint concluded with an allegation of the nature of his injuries.   The appellant, answering the complaint, denied generally the allegations of respondent, and by a special paragraph set up contributory negligence, and alleged that whatever injury happened to respondent resulted from an accident and risk incident to respondent's employment.   The respondent replied by a general denial of the new matter in the answer, and on the issues thus raised a trial was had, resulting in a verdict and judgment for respondent in the sum of two thousand dollars.

The first objection urged here is, that the lower court erred in refusing to take the case from the jury on appellant's request made at the close of respondent's testimony.

This motion was based upon the concluding part of the sixth paragraph of the complaint. It is urged that the respondent, by the allegation, viz.: "If defendant had exercised ordinary care in and about the construction and use of said engine said sparks would not have been emitted and the explosion hereinafter mentioned would not have occurred," has elected to make the defective construction and careless management of the engine the proximate and only cause of the explosion, and that all other allegations in the complaint, such as placing the giant powder in the caboose and failing to warn respondent thereof, and the failure to take the proper precaution to keep the explosive without the reach of sparks from the engine, are mere matters of inducement, and were made to show that the respondent did not assume the risk incident to his employment; that there was a total absence of proof that the engine was defective or worn out, or that it was carelessly managed, and hence there was no evidence to go to the jury. The Code (§ 4994, Ballinger's) provides that:

" In all cases tried in the superior court with a jury in which the legal sufficiency of the evidence shall be challenged, and the court shall decide as a matter of law what verdict should be found, the court shall thereupon discharge the jury from further consideration of the case, and direct judgment to be entered in accordance with its decision."

This procedure is somewhat analogous to the old practice of demurring to the evidence. Under that practice the court, in determining the question of the sufficiency of the evidence to justify a verdict, looked to the evidence solely, and disregarded any defect in the pleading. The demurrer was held to waive all objections to the admissibility of the evidence, and hence the complaint was treated as sufficiently broad to cover all that the evidence, taken in its most favorable light, tended to prove. It will be

noticed the appellant does not contend in this branch of its argument that the evidence which was before the jury was not sufficient to warrant a recovery, had the complaint been as broad as the evidence, but its argument is that the pleader, having chosen to narrow his complaint to a specific act of negligence, cannot recover unless he proves that specific act, notwithstanding his evidence shows other acts of actionable negligence. If it be permissible to apply to its motion the rules applicable to the practice where a demurrer to the evidence is permitted, it would seem that the question here argued was not raised by the objection as made, and, to be available, should be taken in some other form. *McLean v. Equitable Life Assurance Society,* 100 Ind. 127 (50 Am. Rep. 779); *Stiles v. Inman,* 55 Miss. 469. But, passing this, we are unable to concede that this clause of the complaint should have the conclusive effect put upon it by the appellant. It is not an allegation of a fact, nor anything more than the pleader's conclusion, drawn from the facts stated in the preceding part of the paragraph. As such, it is an immaterial allegation, incapable of being established by proofs, and one which would have been stricken by the court, had a motion been made for that purpose at the proper time. Being thus immaterial, it will not be held to limit the proofs to the allegation that the engine was defective or carelessly managed. It is next urged, in this connection, that there is no evidence "that a single spark from the locomotive came into the caboose the day of the accident, and it cannot be inferred that the explosion was caused by a spark from the locomotive in the absence of testimony." The evidence showed that the locomotive used at the time of the accident was a woodburner, and emitted a large volume of sparks whenever it was operated—so much so that on former occasions persons riding several car-lengths behind it had holes burned in their clothes by sparks coming from

it. On the day in question the evidence shows that sparks were flying past the caboose, which had both its side doors open, and that there was no other source from which the fire could have originated. The respondent was not required to prove this fact beyond a reasonable doubt, and evidence which would reasonably establish the presumption was sufficient to authorize the submission of the question to the jury. *White v. Chicago, M. & St. P. Ry. Co.,* 1 S. D. 326 (47 N. W. 146); *Kenney v. Hannibal & St. Joseph R. R. Co.,* 70 Mo. 243.

It also appears by the record that the evidence was admitted without objection, and when this question was raised the respondent asked leave of the court to amend his complaint by striking out the objectionable conclusion and inserting the words, "sparks of a dangerous character would not have been emitted, and the defendant's negligence as alleged in this and other paragraphs in this complaint caused the injuries herein mentioned." It would have been proper for the court to have allowed this amendment to be made at the stage of the case when it was offered. It contained no new allegation of negligence, could not have operated in any way to surprise or mislead the appellant, and its effect would have been to have harmonized the complaint. The Code (§ 6535, Ballinger's) enacts:

" The supreme court shall hear and determine all causes removed thereto in the manner hereinbefore provided, upon the merits thereof, disregarding all technicalities, and shall upon the hearing consider all amendments which could have been made as made."

Under this provision of the Code this court will treat the complaint as amended whenever it is necessary to do justice between parties litigant, and when to do so will not deprive either party of a substantial right.

The court gave the following instruction to the jury:

" If the jury believe from the evidence that the defendant's engine, which drew the car or caboose in which the explosion complained of occurred, was defective, and that in consequence of said defect said engine emitted large quantities of fire sparks which set fire to the contents of the box in said car containing dynamite, and caused the explosion described in plaintiff's complaint, and further, that plaintiff was injured by such explosion, then the jury should find that the defendant was guilty of negligence."

It is urged that this instruction is erroneous, because negligence is the absence of ordinary care under the circumstances of each particular case, and is a mixed question of law and fact, except only where the facts are undisputed, and then it may become a question of law; that the use of a defective engine is not negligence under any and all circumstances, and, this being true, it is for the jury, and not the court, to say whether the use of a defective engine under the particular circumstances of a given case is or is not negligence.  It is argued, further, that the testimony shows that respondent and his fellow workmen were riding in a caboose with both side doors open, and it is not made to appear who was responsible for their being so; and that if the court was justified in charging the jury at all on the subject of defendant's negligence, under the proofs, it should have brought to the attention of the jury all the facts and circumstances bearing upon that question. Conceding all that the learned counsel claim in the first part of their criticism, it does not follow that the instruction is erroneous. The court did not assume or decide what facts the evidence tended to establish, nor do more than inform the jury what facts it was necessary for them to find in order to find the appellant guilty of negligence. While it is true that the use of a defective engine is not negligence under all circumstances, it is equally true that it is negligence to use a defective engine under those circumstances where the defect is liable to cause an injury.

An instruction must always be construed in the light of the evidence in the particular case in which it is given, and, if applicable to the evidence of that case, it will not be held erroneous, even though conditions may be conceived where it would not be a correct statement of the law. Here it was shown that the engine emitted an unusual quantity of sparks—so much so, in fact, that it was liable to set fire to anything combustible with which the sparks came in contact. To haul its workmen from place to place with such an engine might not be negligence on the part of the appellant, but when it hauls an explosive, liable to be exploded by sparks, along with its workmen, to use such an engine is negligence; and particularly is this true where it fails to inform the workmen that explosives are being hauled. Considered in the light of the evidence, the giving of the instruction was not error. The latter part of the objection goes rather to what is omitted from the instruction than what is contained in it. The remedy for this defect, however, is not by an exception merely. The complaining party must call the court's attention to the omission, and request such modifications or further instructions as he may think proper. Unless this is done, this court cannot afford relief. *Box v. Kelso,* 5 Wash. 360 (31 Pac. 973); *Enoch v. Spokane Falls & Northern Ry. Co.,* 6 Wash. 393 (33 Pac. 966); *Brown v. Porter,* 7 Wash. 327 (34 Pac. 1105).

After filing his complaint, pursuant to the statute (§ 6008-6013, Ballinger's), the respondent served upon the appellant certain interrogatories, which the appellant answered. On the trial the court permitted the respondent to select from, and read to the jury, such of the interrogatories, with the answers thereto, as he desired, without requiring him to read all of the interrogatories submitted, with their answers, or permit the appellant to do so. This is assigned as error. The appellant argues that the prac-

tice under the Code takes the place of discovery under the old practice, and is analogous thereto, and that under the old practice the answer, if used at all by the opposing party, must be introduced in its entirety, and, while the complainant was entitled to the admissions in the answer, he could use the answer only with such explanation and other pertinent matter as the defendant saw fit to set up in defense. Without undertaking to point out the distinction, we do not think the practices are analogous, or that the rules governing the procedure in the nature of a bill of discovery are applicable to the procedure under the statute. The object of the statute was to afford a litigant a simple and speedy method of obtaining evidence in possession of the adverse party material to the support or defense of his action. The evidence obtained may be, in form, either documents or admissions, or both; and we see no good reason why a part may not be offered in evidence, as well as the whole, when such part relates to a separate or disconnected fact. The party answering is, of course, entitled to have read all of the matter that he gives in answer to an interrogatory that is pertinent thereto. This would include, not only the answer directly given, but also all matter in explanation thereof; and if the interrogatories and answers are interwoven, or are so prepared that an understanding of one cannot be had without the reading of another or others, the party offering them would be compelled to read all that pertained to the particular matter inquired of. But where, as in this instance, the interrogatories read are complete in themselves, and the answers thereto have no connection with other answers, no error is committed by refusing to compel the party offering them to read them all. On the other hand, the answering party cannot be injured by the refusal to permit him to read the part omitted. If the matter omitted is pertinent as evidence, he has it within his power to offer it from its

original source, it being within his control.  If it is not pertinent, it should be refused in any event.

It is alleged in the complaint, as elsewhere noticed, and the testimony shows, that Harkleroad was employed by the appellant as foreman to superintend the work in which the respondent was engaged at the time of the injury, and had authority to direct respondent's labor and movements, and that respondent was required, under the terms of his employment, to follow Harkleroad's instructions.  It appears, further, that Harkleroad, the respondent, and his fellow workmen, were engaged in a common enterprise, that of riprapping and repairing the defendant's roadbed —all being employed by a common master.  This being true, Harkleroad, the appellant insists, was a fellow servant of respondent, for whose negligence the appellant is not responsible, notwithstanding it was made to appear that the explosive was put in the caboose on Harkleroad's order.  In *Zintek v. Stimson Mill Co.,* 6 Wash. 178 (32 Pac. 997), this court held, that the yard boss of a lumber yard, who had entire control of the yard, with authority to direct and superintend the piling of lumber therein, and power to hire and discharge workmen, and to employ them under his orders, is a vice principal, and not a fellow servant of the men who work under his control and superintendence.  In the same case, upon a second appeal (9 Wash. 395, 37 Pac. 340), this proposition was reaffirmed.  In *McDonough v. Great Northern Ry. Co.,* 15 Wash. 244 (46 Pac. 334), this court held that a foreman of a gang of workmen, having authority to direct them in the performance of their work, with power to discharge them and employ others, was a vice principal, and his negligence was the negligence of the common employer.  In the opinion in that case the court said:

" We think that in reason and upon the authority of the better considered cases. it must be held that it is a positive

22—21 WASH.

duty which the master owes to an employee not only to provide him with a reasonably safe place in which to work—so far as the nature of the work undertaken and the exigencies of the case will permit the same to be made reasonably safe—but also to observe such care as will not expose the employee to perils and dangers which may be guarded against by reasonable care and diligence; and where the performance of this positive duty is by the master entrusted to another, his failure to perform is the failure of the master. The discharge of this duty was in the case at bar entrusted by appellant to its foreman, Nolan. He was the superintending officer at the place where the work was being performed, with full power and control over the plaintiff and all others connected in the active discharge of the work. Under the circumstances we think it follows that his negligence was the negligence of the company."

The distinction between these cases and the present case is, that in the present case it is not made to appear that Harkleroad had authority to discharge or employ workmen. But we do not think this should make any difference in the rule. A master is liable to his servant for any neglect of the master's duty, whether committed by the master himself, or by one to whom he has delegated his authority; the power of superintendence and control is the test. It was a part of appellant's duty to provide a reasonably safe place in which the respondent was to work, and when it entrusted that duty to Harkleroad it made Harkleroad its representative for the performance of the duty, and is liable for his negligent performance of it.

Lastly, it is objected that the verdict is excessive. Without entering into an analysis of the testimony on this point, we are unable to say, after an examination of the record, that the jury exceeded the bounds of the testimony, or that they were actuated by passion or prejudice, in assessing the damages suffered by the respondent. Damages in cases of this character are largely problematical, and no fixed rules can be laid down for their determination; and, unless

it clearly appears that the amount found is excessive, courts are slow to disturb the verdict.

No reversible error appearing in the record, the judgment will be affirmed.

GORDON, C. J., and ANDERS, DUNBAR and REAVIS, JJ., concur.