[No. 9333. Department One. March 17, 1911.]

## HART-PARR COMPANY, *Respondent*, v. JAMES KEETH, *Appellant*.[1]

PLEADING—ANSWER—INCONSISTENT DEFENSES—ELECTION. Defenses so inconsistent that one must necessarily be untrue are not permissible under the code; and in an action for the price of a traction engine, a defense that the notes and contract were only delivered conditionally and were not effective or delivered, because the engine did not fulfill conditions, is inconsistent with a counterclaim for damages by reason of the insufficiency of the engine; and defendant is properly required to elect between them.

JURY—RIGHT TO JURY TRIAL—EQUITY—LOST NOTES. An action upon lost notes, seeking their establishment and recovery upon indemnifying the defendant against liability on the original notes, is one of equitable cognizance, and defendant is not entitled to a jury trial.

Appeal from a judgment of the superior court for Spokane county, Hinkle, J., entered August 28, 1909, upon findings in favor of the plaintiff, after a trial on the merits before the court without a jury, in an action to establish lost instruments and to recover thereon. Affirmed.

*Gallagher, Smith & Mack*, for appellant.

*W. J. Matthews*, for respondent.

[1]Reported in 114 Pac. 169.

DUNBAR, C. J.—This is an action to recover money on a check and notes which were lost. The complaint, among other things, alleged that on the 17th day of January, 1908, plaintiff sold to the defendant a certain gasoline traction engine, for a consideration of $2,500, which sum it was agreed should be paid to the plaintiff according to the terms of defendant's written obligation and contract, a copy of which was made a part of the complaint; that the plaintiff delivered the engine in due time, and that the defendant has since said time had the same in his possession and under his control, and has kept and used said engine for the purpose of plowing and other purposes since the delivery thereof; that on the date of the delivery, the defendant, in settlement therefor and in compliance with the terms and conditions of the written obligation, executed and delivered to the plaintiff a certain written check and promissory notes for a certain amount of money as stated in the complaint, and at the said time, to secure the payment of the same, executed and delivered to plaintiff a certain chattel mortgage in writing, covering the said gasoline engine sold and delivered as aforesaid; that the said papers were delivered to one C. A. Bellinger, the agent of the plaintiff, who placed them in an envelope and put them in his grip or satchel, which was then placed in defendant's barn, where it was left while said agent went into defendant's field to assist in properly starting the engine; that upon returning from the field, Bellinger discovered that the check, notes and mortgage were missing from the grip; that the same had not been found up to the hour of the commencement of this action, and that they are lost or stolen, and cannot be found; that the plaintiff had demanded and requested of the defendant the giving of other notes and checks, upon security to the effect that he would not be held responsible for the notes and check so lost; that this action, in short, was brought to reestablish such lost papers, that the plaintiff be declared to be entitled to exercise its option declaring said notes and mortgage due and payable at once, and that it recover the amount due as specified

in the complaint, and that the court fix the amount of security
or indemnity, if any, the plaintiff shall furnish the defendant
for and on account of said notes, and judgment be entered on
account thereof; and prayed for equitable relief.

The defendant, answering generally, denied the allegations
of the complaint, and in substance, by way of affirmative de-
fense, alleged that the notes, check and mortgage mentioned in
the complaint were delivered conditionally to Bellinger, and
were not to be of any force or effect whatever unless the engine
did as Bennett, the agent of the respondent, and the appellant
agreed it should do before the notes, mortgage and check
would be effective; that the engine did not develop the power it
was agreed it should before the check, notes and chattel mort-
gage were to be effective, and that they never did become ef-
fective or of any force or value, and that they never were de-
livered. The second affirmative defense was that another
action was pending in the same court between the same parties
for the same cause of action, and was still undetermined. The
third affirmative defense was a counterclaim or set-off, the de-
fendant claiming that, by breach of the contract upon which
the plaintiff sued, he incurred a loss of $150 by reason of the
loss of time; that the engine was not worth more than $1,250
at any time, by reason of the insufficiency of its power, and
that defendant was damaged thereby in the sum of $1,250;
and asked that the same be allowed as a counterclaim to any-
thing that might be recovered in favor of the plaintiff. There-
upon the plaintiff made a motion, requiring the defendant to
elect on which one of his defenses he would rely at the trial,
on the ground that they were inconsistent. The court made
an order granting the motion and requiring the defendant to
elect; to which ruling the defendant excepted, and thereupon
elected in open court to stand upon its first affirmative defense,
which we have mentioned above. The plaintiff filed a reply to
this. A jury was demanded by the defendant and refused by
the court. The court proceeded to trial of the cause upon the
first affirmative defense, and found against the defendant on

all the issues. Judgment was entered, and this appeal is taken, assigning two errors of the court: (1) in granting the motion of respondent to require the appellant to elect upon which one of his defenses he would stand; and (2) in denying the defendant a jury trial.

From a perusal of these pleadings we are forced to the conclusion that the third affirmative defense is inconsistent with the first affirmative defense. It is doubtless true that, under the letter and the spirit of the code, as announced by the court and cited by appellant, there is no classification of answers or defenses as at the common law; that pleas in abatement and at bar may be joined; and that defendant can, and should, unite all the defenses he has in one answer. But all these privileges are subject to the vital requirement that the defenses must not be inconsistent; that is to say, that the establishment of the truth of one defense must not establish the falsity or impossibility of the other. This question was exhaustively examined and discussed by this court in *Seattle Nat. Bank v. Carter*, 13 Wash. 281, 43 Pac. 331, 48 L. R. A. 177, and after an examination and analysis of all the available authorities, it was held that inconsistent defenses were not permissible under the code; that the plaintiff would not be compelled to establish the truth of an allegation in his complaint to which such defenses were set up, and that defenses were inconsistent when one or the other must necessarily be untrue; and this doctrine has never been departed from by this court.

It is true that the doctrine should be applied with caution, and that not all seemingly inconsistent defenses are actually inconsistent; for it is sometimes necessary to make a denial which is in reality a denial of a conclusion of law instead of a fact. For instance, there may be a denial of delivery of certain property because, in the opinion of the pleader, the acts surrounding the circumstances do not constitute a legal delivery, and on that question he has a right to the holding of the court. The same rule applies to a denial of the execution of certain contracts, where it develops that the contract which

defendant signed had afterwards been changed and the defendant denied its execution on the theory that in law it was not the contract which he signed; though in a case of this kind the answer is not logical under the provisions of the code, and it would be more in harmony with its spirit to simply state the facts under which the document in question was signed, and if the facts stated constitute a defense, of course the court will construe the answer to be a denial of the allegation of execution. But in all cases of this kind, and especially cases from this court, will be found the qualifying demand that there shall be no direct contradiction in the facts pleaded. The object of a lawsuit is to elicit the truth concerning the facts which are the subject of the controversy, and the object of pleadings is to aid in such elicitation and determination. But such consummation cannot possibly be aided by pleadings of this kind. On the other hand, the result will be to embarrass and hinder the proper administration of justice. So that the crucial question in this case is, Were these affirmative defenses so inconsistent that the facts stated in one must necessarily be false if the facts stated in the other are accepted as true? If it is true that the notes and check were not executed or delivered under the contract set forth in the complaint, that there was no such contract entered into at all, but that, on the other hand, the contract was simply an agreement to try out the machine and to enter into a future contract if it proved satisfactory, which was, in substance, the first affirmative defense, together with the allegation that it did not prove satisfactory and did not meet the stipulated requirements, and that no contract was ever entered into, these facts are inconsistent with the statements made in the third affirmative defense, for it is not conceivable that there is any room for a counterclaim growing out of a contract which was never executed and to which the defendant was never a party. This is, in reality, a partial defense, and must be based upon something; and if it is based upon anything, it is upon the fact denied in the answer, viz., that the notes, check, and mortgage

had ever been delivered or that the contract sued on had ever been executed.

Upon the second proposition, there is a conflict of authority, but we think it is well established that an action of this kind is an equitable action. It was originally exclusively an equitable action; and notwithstanding the encroachment of the law courts by statutory enactments, these have not had the effect, under the great weight of authority, of ousting the equity court of jurisdiction, and the jurisdiction is at least concurrent and exclusive in many jurisdictions. In discussing this proposition, it is said in Pomeroy's Equity Jurisprudence, vol. 2, § 832:

"Able judges have denied that the equitable jurisdiction extends to suits upon non-negotiable instruments and other unsealed contracts, since an action at law could always be maintained, and no indemnity was necessary. The jurisdiction is sustained, however, by the decided weight of authority in suits upon lost non-negotiable instruments and simple contracts, as well as in suits upon negotiable and sealed instruments. The reason seems to be that the remedy at law is not adequate; a court of equity alone can fully protect the defendant by its decree from all liabilities which *may* arise."

In 19 Am. & Eng. Ency. Law (2d ed.), p. 564, after announcing the doctrine that formerly the courts of equity in such cases had exclusive jurisdiction, it is said that:

"Though actions on lost specialties may now be maintained in the courts of common law, equity is not thereby ousted of its ancient jurisdiction, but may still exercise it concurrently with the courts of law."

In this case it will be noticed that this action was for the reestablishment of a check, notes and mortgage, and while there was no judgment of foreclosure on the mortgage, and the plaintiff was satisfied to take personal judgment, the defendant was placed in no worse position by reason of the fact that the plaintiff did not ask for all the relief to which he was entitled under the pleadings. Conceding the concurrent juris-

diction, the plaintiff had a right to select the forum, and no error was committed by the court in this regard.

The judgment is affirmed.

Parker, Mount, and Fullerton, JJ., concur.