### TOMKINS v. PATERSON et al.

#### (District Court, W. D. Washington, N. D.   January 26, 1917.)

#### No. 3402.

1. PLEADING ⊚⇒93(1)—INCONSISTENT DEFENSES—RIGHT TO PLEAD.

     Under the code system of pleading in force in Washington, inconsistent defenses may not be pleaded.

     [Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 189, 190;  Dec. Dig. ⊚⇒93(1).]

2. PLEADING ⊚⇒93(2)—INCONSISTENT DEFENSES—DENIAL OF CONCLUSION.

     In an action to recover the penalty for importing an alien contract laborer, denial by defendant of the allegation that plaintiff was within the prohibition of the act is a denial of a conclusion which is not inconsistent with an affirmative defense.

     [Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 189, 190;  Dec. Dig. ⊚⇒93(2).]

3. PLEADING ⊚⇒362(2)—MOTION TO STRIKE—PLEADING GOOD IN PART.

     A motion to strike denials from the answer as being inconsistent with the affirmative defense which was directed at all the denials collectively, not at the specific denials separately, must be denied, where some of the denials were consistent with the affirmative defense, though others were inconsistent therewith.

     [Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 1148–1151;  Dec. Dig. ⊚⇒362(2).]

At Law.   Action by J. A. Tomkins against J. V. Paterson and another.   On motion to strike from defendants' answer the affirmative defense, or to compel defendants to elect whether to stand on their denial or on their affirmative defense.   Motion denied.

See, also, 238 Fed. 879.

E. N. Sears, of Seattle, Wash., for plaintiff.

Bogle, Graves, Merritt & Bogle, of Seattle, Wash., for defendants.

NETERER, District Judge.   The plaintiff seeks to recover a penalty provided by section 5 of the Act of Congress of February 20, 1907, c. 1134, 34 Stat. 900, as amended March 26, 1910 (chapter 128, 36 Stat. 263 [U. S. Comp. St. 1913, §§ 4244, 4247, 4250]), and alleges that, while a resident of British Columbia "laboring at his trade as a mechanical engineer" near Vancouver, British Columbia, the defendants engaged him as a mechanical engineer at the wage of $300 a month, and he entered the employment of the defendant at Seattle, Wash., and further states:

"That at all of said times plaintiff was a skilled laborer, to wit, being a mechanical engineer and not one of the classes of persons exempted under the terms of the last two provisions of the act of February 20, 1908, an act to

---

⊚⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

regulate the immigration of aliens into the United States, and the act amendatory thereof, approved March 26, 1910. * * * "

The defendant has filed an answer in which all of the allegations on the part of the plaintiff are denied specifically, except that the allegation with relation to British citizenship is denied upon information and belief. By way of affirmative defense the defendant then alleges:

"That the plaintiff did not belong to one of the classes of persons prohibited from entering the United States by said act of Congress, or otherwise; that plaintiff belonged to the recognized learned profession, and all services performed by him for the defendant Seattle Construction & Dry Dock Company were such professional services; that other unemployed professional or skilled labor or service of like kind as that performed by plaintiff for the defendant Seattle Construction & Dry Dock Company could not be found in this country; that plaintiff was engaged and employed by said defendant at Seattle, Wash., to work for it at its plant in said city."

The plaintiff has moved to strike from the answer the affirmative defense, on the ground that it is inconsistent with the denials in the answer, and, in the alternative, to require the defendants to "elect whether they will stand upon their denials or upon their said affirmative defense set forth in the answer."

The plaintiff contends that the pleas in the answer are inconsistent and cannot stand; that under the code system of pleading, which is that of Washington, the office of pleas in confession and avoidance is performed by defenses of new matter, and that such plea can only obtain when the party admits the truth of a material allegation made by the adverse party and avoids liability thereon by affirmative statements and proof of matters which destroy the effect of the allegations admitted.

[1] Inconsistent defenses may not be pleaded under the rule adopted by the Supreme Court of Washington. Seattle Nat. Bank v. Carter, 13 Wash. 281, 43 Pac. 331, 48 L. R. A. 177; Allen v. Olympia L. & P. Co., 13 Wash. 307, 43 Pac. 55; Lamberton v. Shannon, 13 Wash. 404, 43 Pac. 336; and Corbitt v. Harrington, 14 Wash. 197, 44 Pac. 132. The object of a lawsuit is to elicit the truth with relation to a controversy between the parties and which is the subject of the action. The object of the pleadings is to aid in such elicitation and determination. Hart-Parr Co. v. Keeth, 62 Wash. 464, 114 Pac. 169, Ann. Cas. 1912D, 243. The crucial test, then, is: What are the defenses set up so inconsistent that if one is true the other is false? In the denials the defendants deny that the plaintiff was employed; that he was a resident of British Columbia; that he did come to the defendants in violation of the act in question; and, in the affirmative defense, say that plaintiff was not prohibited from entering the United States; that he did work for the defendant; and that, at the time that he worked for the defendant, men of his skill and attainment could not be found in the United States to work in the defendant's plant. The Supreme Court of Washington with relation to inconsistent defenses (Seattle Nat. Bank v. Carter, supra, 13 Wash. at page 286, 43 Pac. at page 333) said:

"This theory carried to its logical result would permit a defendant who was sued upon a promissory note to allege nonexecution, want of considera-

tion, and payment. Under such allegations, he would be permitted to swear that he never executed the note; that he did execute the note, but that it was without consideration; and that he did execute the note, that the consideration was good, but that he had paid the same. Such a practice as this would not only be farcical, but absolutely wrong and immoral and an encouragement of perjury."

Mr. Justice Gray, in Glenn v. Sumner, 132 U. S. 152, at page 156, 10 Sup. Ct. at page 41 (33 L. Ed. 301), said:

"The sufficiency and scope of pleadings, and the form and effect of verdicts, in actions at law, are matters in which the Circuit Courts of the United States are governed by the practice of the courts of the state in which they are held."

The expression of Justice Gray was as to the effect of a general verdict of a jury upon all of the issues presented in the several answers, and the court held the state practice would apply.

Mr. Justice Pitney, in Spokane & Inland Railroad Co. v. Campbell, 241 U. S. 497, at page 502, 36 Sup. Ct. 683, 686 (60 L. Ed. 1125), said:

"Whether under the conformity act (Rev. Stat. § 914),[1] the trial court was required to adhere to the state practice, governing the effect of the general verdict and the special findings, may not be free from doubt"—and, among other cases, cited Glenn v. Sumner, supra.

Judge Hallett, Hummell, Adm'r v. Moore (C. C.) 25 Fed. 380, held that inconsistent defenses could be pleaded under the Colorado statute, and cited People v. Lothrop, 3 Colo. 428, "in which it is held that inconsistent defenses may be interposed under section 64 of the Code * * *" of Colorado.

The authorities cited by the defendants do not sustain their contention. Loveland v. Jenkins-Boys Co., 49 Wash. 369, at page 372, 95 Pac. 490, at page 492, was tried before the writer in the court below, and on appeal the Supreme Court, in affirmance, said:

"Pleadings are construed according to their legal effect, and it is not a legal execution of a contract to procure the maker's signature thereto by trickery and fraud, and, when a person so defrauded is sued upon the purported contract, he may properly deny its execution and plead affirmatively the fraud practiced upon him by which he was induced to apparently execute it."

The signature of the defendant in that case was obtained by a confusion of papers and a statement that they desired to secure its correct address for the purpose of consigning goods purchased under an oral contract. The other cases cited are based upon matter of similar import.

[2] The rule of inconsistent defenses should be applied with great caution, as sometimes it is necessary to make a denial which is in reality a denial of a conclusion instead of a fact. The state court, in Hart-Parr Company v. Keeth, supra, 62 Wash. at page 467, 114 Pac. at page 170 (Ann. Cas. 1912D, 243), said:

"It is doubtless true that, under the letter and the spirit of the Code, as announced by the court and cited by appellant, there is no classification of answers or defenses as at the common law; that pleas in abatement and at bar may be joined; and that defendant can, and should, unite all the defenses he has in one answer. But all these privileges are subject to the vital require-

[1] Comp. St. 1913, § 1537.

ment that the defenses must not be inconsistent; that is to say, that the establishment of the truth of one defense must not establish the falsity or impossibility of the other. * * * "

[3] An examination of the allegations of the complaint and the denials and the affirmative matter impresses the reader that whether defendant violated the acts in question is a denial of a conclusion rather than a fact, as is also the denial that plaintiff was not prohibited from entering the United States. The specific denials which are inconsistent and the establishment of the truth of which would establish the falsity or impossibility of the affirmative defense are the employment of the plaintiff by the defendant, and his residence in British Columbia. The motion of the plaintiff is not directed to the specific denials separately, but to all of the denials collectively, and, some of the denials being consistent, the motion of the plaintiff to strike must be denied. The specific denial as to employment, I think, must give way to the affirmative allegation alleging employment. There is nothing apparent in this case which can jeopardize the rights of either party by denial of the motion.