## NEW YORK LIFE INS. CO. v. GRAHAM.[*]
### No. 8399.

Circuit Court of Appeals, Ninth Circuit.

Oct. 25, 1937.

Wright, Jones & Bronson and Clark A. Eckart, all of Seattle, Wash., for appellant.

Bell, McNeil & Bowles and Hamlet P. Dodd, all of Seattle, Wash., for appellee.

Before GARRECHT, MATHEWS, and HANEY, Circuit Judges.

GARRECHT, Circuit Judge.

This action, commenced in the superior court of Washington for King county, was regularly removed to the District Court of the United States for the Western District of Washington, Northern Division, upon the ground of diversity of citizenship.

The plaintiff brought this action to recover, as the beneficiary, upon a double indemnity provision of a life insurance contract issued by defendant, appellant herein.

The complaint alleges that the assured came to his death by accidental means, that due proof thereof has been made, but that the double indemnity has not been paid.

The complaint then proceeds to allege that the plaintiff previously brought an action against the same defendant in the superior court of the state of Washington upon a $1,000 policy which was identical with the one in question except as to number and amount. Copies of the pleadings, verdict, and judgment in the first action are made a part of the complaint as exhibits. It further alleges that the defendant, in its answer in the first action, denied accident as the cause of death and alleged

*Rehearing denied Dec. 1, 1937; writ of certiorari denied 58 S.Ct. 481, 82 L.Ed. —.

that death was the result of suicide, which was denied in plaintiff's reply; that trial resulted in verdict and final judgment for the plaintiff, and that by virtue of such proceedings it has been judicially determined that death was accidental and that the defendant is estopped thereby from denial thereof in this action.

The complaint further alleges that the defendant herein had made a payment of the face of the policy in the sum of $4,000, but that such payment was not made as a payment of the double indemnity provisions of the contract; that in the proceedings in the state court a payment had been made by the defendant to the plaintiff covering the face of the policy involved in that action and the defendant therein, by its answer, alleged that said payment had been made in full for all liability and in full settlement of all claims under that policy; that by her reply in the first action the plaintiff denied that said payment was intended as a full payment of all liability under said policy and had affirmatively alleged that at the time of the delivery of said policy to the defendant the defendant had issued to the plaintiff its receipt admitting that it was understood that the plaintiff had not received any allowance or settlement for the double indemnity provisions thereof; that all of the transactions in connection with the payment under the policy here in suit were made and had at the same time and as a part of the transactions under the policy involved in the first action and the receipts issued by the defendant covered both policies; that by the said proceedings it has been judicially determined that the payment of the face of the policy was not made and given as a settlement in full of the amount due the plaintiff under the double indemnity provisions of the policy.

The defendant moved to strike all those portions of the complaint which alleged the prior proceedings and their connection with this action upon the ground that such allegations were irrelevant and immaterial, did not state or had not stated a cause of action, and that it appeared from the complaint that the plaintiff is estopped from raising these issues. This motion was denied and an exception allowed.

Thereafter defendant interposed its answer to the complaint and plaintiff filed numerous motions to strike, which motions were granted and exceptions allowed.

Thereupon the defendant filed an amended answer, whereby it denied that the death of the assured resulted from accident and denied that death resulted from a fall, directly and independently of all other causes, and further denied that by virtue of the original proceedings there had been any judicial determination that said death was accidental or that the defendant was estopped from asserting otherwise. Defendant further denied that it had failed to pay any part of the claim except the sum of $4,000; denied that the sum paid was made as a payment for the face amount of the policy and was not made as a payment of the double indemnity; affirmatively alleged that about May 25, 1933, the defendant paid the sum of $4,049.09 in full settlement of all claims under the contract; that said payment was in excess of the amount to which plaintiff was entitled under the terms of the contract for the face of the policy; and that said excess was paid and accepted as settlement of the claim for double indemnity; denied that it had been judicially determined in the first cause that the payment of the face of the policy was not given as a settlement in full of the amount due the plaintiff under the double indemnity provisions of the policy therein involved; admitted that the exhibits made a part of the plaintiff's complaint are true copies of the originals, in the former action, but denied any allegation as to the contents of such originals inconsistent with the exhibits made a part of the record; and particularly denied that plaintiff's reply in the original action contained any allegations relative to the policy herein involved.

By its first affirmative defense, the defendant alleged that the policy provides that double indemnity provisions shall not apply to death resulting from self-destruction and that the death of the assured resulted from self-destruction.

For its second affirmative defense, the defendant alleged that the policy excepted from the double indemnity provisions death resulting from physical or mental infirmity or directly or indirectly from illness or disease of any kind, and that the death of the assured resulted from physical infirmity, illness, and disease.

For its third affirmative defense, defendant alleged that the plaintiff had made claim for the double indemnity under the policy, which claim was denied; that the defendant agreed to pay to the plaintiff the

sum of $4,049.09 in full settlement of all liabilities under the policy; that said sum was in excess of the amount to which plaintiff would have been entitled under the terms of said policy, exclusive of the double indemnity provisions thereof; that thereafter it delivered its check in the above amount upon the above conditions; and that the same was accepted by the plaintiff in full settlement and the policy was surrendered for cancellation.

For its fourth affirmative defense, the defendant alleged that all rights of any kind which the plaintiff may have had under the policy involved in this action matured at the same time as any rights which the plaintiff had under the policy involved in the prior action; that under the statutes of Washington and rules of its courts plaintiff could have joined both causes of action in one suit as separate causes of action; that she also could have brought both actions at the same time separately, in which event either party could have moved for consolidation for the purposes of trial; that there was no way for this defendant to compel the plaintiff to bring this action and to dispose of it at the same time as the previous action; that by said course of conduct the plaintiff elected to try the two actions separately and has waived any right to insist that it has been previously determined in the superior court action; that plaintiff prevented the possibility of disposal of both actions at one time and has made this action necessary and is thereby estopped from asserting that any questions in this action have been previously determined.

For its fifth affirmative defense, the defendant alleged that the first action referred to was not removable to the district court; that this action is, and has been, removed to the United States District Court; that the Constitution and the laws of the United States guarantee to a nonresident defendant the right to remove an action for trial upon the merits; that the plaintiff seeks to deprive the defendant of its right to trial of this controversy upon its merits in the United States District Court; and that any finding that the defendant is bound by the verdict and judgment in the action tried in the first case would constitute the denial of the defendant's right to trial upon the merits in the District Court in contravention of article 3, sections 1 and 2, of the Constitution of the United States and of the statutes supplementary thereto.

Thereafter, plaintiff filed a motion to strike each of the five affirmative defenses and to strike that portion of the denial which affirmatively alleged that the amount paid was in excess of the amount to which the plaintiff was entitled under the terms of the contract for the face of the policy, and was paid and accepted as settlement for the claim of the double indemnity. Each of these motions was upon the ground that the matters alleged were irrelevant, immaterial, and do not constitute a defense. All of the foregoing motions were granted and exception reserved.

Thereupon the plaintiff filed motion for judgment on the pleadings, which motion was granted and judgment entered as prayed; the defendant appeals.

This appeal involves two questions: (1) Does the complaint state facts sufficient to bring this case within the doctrine of "Estoppel by verdict"? and (2) if so, does the matter alleged in the answer and amended answer constitute a defense?

The ruling on certain of the affirmative defenses which are assigned as error can be disposed of without lengthy discussion.

Appellant argues that the insurance policies involved in this action and in the previous action are identical; that any right under either policy matured at the same time so that both could have been sued upon in one action or in separate actions, brought at the same time. It is contended therefore, that appellee by bringing suit on but one policy waived her right in any subsequent suit on the other policy to rely on any adjudication in the previous action. There is no merit in this contention.

"The rule against splitting causes of action does not require a plaintiff who has distinct and disconnected causes of action against the same defendant, each of which by itself would authorize independent relief, to join them in a single suit although they exist at the same time and might permissibly be so joined." 34 C.J. 836.

And to the same effect Stark v. Starr, 94 U.S. 477-485, 24 L.Ed. 276.

Likewise, the District Court did not err in striking the fifth affirmative defense set forth in both the answer and the amended answer. To support this defense it is alleged that since plaintiff brought suit in the state court on her claim of $1,000 on one of the policies, which action was not removable to the United States District

Court because lacking the jurisdictional amount, that plaintiff by such procedure caused the issues involved to be determined in the state court, and that to now hold that any estoppel arose by reason of the determination of the action in the state court was an unconstitutional attempt to deprive appellant of the right to try this controversy upon its merits in the federal court. The cases relied upon do not sustain this contention.

All the other assignments of error are concerned with the law relating to "Estoppel by verdict."

The appellee contends that in the case tried in the state court the fact that the death of insured was due to accident and the further fact that there had been no settlement or satisfaction of plaintiff's claims for double indemnity were determined against the appellant; that by the verdict and judgment rendered therein appellant was precluded from defending this action on either of the above grounds.

As it is conceivable that settlement of the claim in this case might have been made in some manner not at all necessarily involved in the first action, it is not altogether clear that the doctrine of "Estoppel by verdict" is applicable to the plea of accord and satisfaction set up by appellant in its third affirmative defense. In this connection it is evident, however, from the amended answer that appellant, while alleging in one part of the pleading that settlement of the claim has been made, in another portion it seeks to avoid responsibility for any such direct allegation by certain qualifying statements and admissions from which it can be clearly determined that no settlement of the double indemnity can be honestly claimed.

■ Separate pleas in an answer are ordinarily not objectionable because of repugnance or inconsistency with each other. But, where there is a plain inconsistency in fact as distinguished from an inconsistency by application of law and one of the pleas contains an admission which defeats defendant's case, the correct rule is that an admission may be conclusive against the pleader.

This is true in the State of Washington, although the Code (see Rem.Rev.Stat. § 273) permits a defendant to plead as many defenses and counterclaims as he may have. The courts of that state have held in some cases that inconsistent defenses are not objectionable, but they have consistently adhered to the well-defined distinction which departs from the liberality of this rule by excluding pleas of contradictory facts which are so irreconcilable that both cannot be true and where the truth of one necessarily proves the falsity of the other. Seattle National Bank v. Carter, 13 Wash. 281, 43 P. 331, 48 L.R.A. 177; Hart-Parr Co. v. Keeth, 62 Wash. 464, 114 P. 169, Ann.Cas.1912D, 243.

Indeed, that court has said that such defenses should be stricken out as sham—good in form but false in fact. Brown v. Porter, 7 Wash. 327, 328, 34 P. 1105.

■ The following facts from the record in the case illustrate the situation before us which requires the application of the foregoing principles. Plaintiff in the complaint sets forth the issues which were determined in the first case. Included with these, reference is made to the fact that the defendant in the action in the state court alleged that full payment of all liability had been made and that the policy had been surrendered for cancellation. The complaint further alleges that the reply in the first action negatived any claim of accord and satisfaction made by defendant, and in support of these allegations the reply refers to certain exhibits, which are attached and are in the record here. So far, these statements and allegations standing alone could have no binding effect on the defendant as to the question of the accord and satisfaction in the instant case. But the complaint in this case goes further and alleges that, at the time the said plaintiff delivered to the said defendant the policy in the first case, defendant delivered to the plaintiff its receipt for the policy involved in said proceeding and also for the policy involved in this case; that said receipt admits and states that in delivering the policies to the defendant it was understood that the plaintiff had not received an allowance or settlement for the double indemnity contract or provision of the policies; and that in surrendering these policies to the defendant the plaintiff did not waive any right or claim that she might have against the defendant under the double indemnity provisions contained in the said policies.

To meet the above allegations of the complaint defendant in its amended answer "alleges that on or about the 25th day of May, 1933, the defendant paid to the plaintiff the sum of $4,049.09 in full settlement of all claims of any kind under said contract; that said payment was in excess

of the amount to which plaintiff was entitled under the terms of the said contract for the face of said policy and that said excess was paid and accepted as settlement of the claim for double indemnity." But continuing in the same paragraph defendant admits that the exhibits described as being a part of the reply in the first action and being a part of plaintiff's complaint here are true copies of the originals in the former action. Defendant then denies each and every allegation contained in said paragraph relative to the contents of said originals, which is inconsistent with said exhibits.

From these allegations taken from the pleadings of respective parties it appears that as to the question of settlement of double indemnity both parties are dependent upon the statements contained in these exhibits. If we look to Exhibit A referred to and relied upon by all the parties, we see that in May, 1933, the cashier of appellant company delivered to its agent two checks, one for $4,049.09 and one for $1,012.27 respectively, drawn to the order of Ruth Graham, wife, and beneficiary. This exhibit further shows the statement of account to be covered by these company settlements as follows: On policy No. 8285-017, the one sued on here for death loss, $4,000, interest on policy payments from 3/25 to 5/25/33, $28.55, proportionate amount of the 1933 dividend, $20.54, total of check, $4,049.09. As to settlement of policy No. 8285018, which was involved in the first action in the state court there is a similar calculation. Death loss, $1,000, interest $7.14, proportionate part of dividend, $5.13, amount of check, $1,021.27.

Eventually the beneficiary, appellee herein, refused to accept these checks in full settlement of the policies to be surrendered, and thereupon the insurance company executed and delivered the following receipt:

"Received from Bell, McNeil & Bowles, attorneys and agents for Ruth Graham, widow of Joseph W. Graham, two (2) policy contracts of insurance in the New York Life Insurance Company, one being No. 8285017 in the amount of $4,000.00 and one No. 8285018 in the amount of $1,000.00 and both issued under date of September 26, 1922.

"It is understood that the said Ruth Graham has received settlement of the face value of said policies but that she has not received any allowance or settlement of the double indemnity contract or provision of said policies and that in surrendering said policies to the said New York Life Insurance Company she does not waive any right or claim that she may have against said company under the double indemnity provisions contained in said contracts and that in the event of a suit or settlement the New York Life Insurance Company agrees to furnish said original policies, this day surrendered, for use in said trial if necessary or to allow the said Ruth Graham to substitute copies of said policies.

"Witness our hand this 2d day of June, 1933, New York Life Insurance Company,
"By E. W. Jerbert."

This was the situation before the District Court when the motion for judgment on the pleadings was filed.

It is not alleged in the pleadings or anywhere claimed that any settlement was had after the date of the above receipt, the contents of which are admittedly true.

Defendant finds itself in this predicament. It alleges that settlement was had by the payment of $4,049.09, while at the same time admitting that the contents of the exhibits, which positively negative the fact of settlement for double indemnity, are true and correct.

Defendant admits that the exhibits attached to the complaint are true copies of originals, denies any allegation relative to the contents of the originals which is inconsistent with said exhibits. This we hold to be an admission of that part of one of the exhibits which recites: "It is understood that the said Ruth Graham has received settlement of the face value of said policies but that she has not received any allowance or settlement of the double indemnity contract or provision of said policies and that in surrendering said policies to the said New York Life Insurance Company, she does not waive any right or claim that she may have against said company under the double indemnity provisions contained in said contracts."

On the motion for judgment on the pleadings this admission would preclude the defendant from disputing the admission by contending that accord and satisfaction had been made.

■ We find no difficulty in applying the rule of "Estoppel by verdict" to the issue that the death of the insured was the result of violent, external, and accidental causes. This was an essential fact, actually and

382

necessarily litigated and determined in a prior proceeding, and the verdict and judgment on that point is conclusive here.

"* * * Where a right, question or fact is distinctly put in issue and directly determined by a court of competent jurisdiction in a former suit between the same parties or their privies, the former adjudication of that fact, right or question is binding on the parties or their privies in a subsequent suit, irrespective of whether the causes of action are the same." Freeman on Judgments (5th Ed.) § 627, p. 1323.

"The estoppel resulting from the thing adjudged does not depend upon whether there is the same demand in both cases, but exists, even although there be different demands, when the question upon which the recovery of the second demand depends has, under identical circumstances and conditions, been previously concluded by a judgment between the parties or their privies." City of New Orleans v. Citizens' Bank of Louisiana, 167 U.S. 371, 396, 17 S.Ct. 905, 913, 42 L.Ed. 202.

Judgment affirmed.