THE LEAVENWORTH LIGHT AND HEATING COMPANY
v. SOPHIA WALLER.

No. 12,728.    (70 Pac. 365.)

SYLLABUS BY THE COURT.

1. PRACTICE, DISTRICT COURT—*Pleading and Proof of Negligence.* In an action for damages on the ground of defendant's negligence, such negligence is not admitted where the answer denies generally and then pleads contributory negligence on the part of the plaintiff. In such case the plaintiff is not relieved from proving negligence on the part of defendant, nor is defendant prevented from disproving it.

2. —— *Inconsistent Defenses.* A general denial and a plea of contributory negligence are not inconsistent defenses.

3. —— *Allegation of Agency.* A failure to deny under oath an allegation that a principal through an agent did a certain act is not an admission that the principal did the act complained of.

4. —— *Admission in Brief—No Estoppel.* The admission of the truth of a matter in a brief filed in a proceeding in error does not, of itself, estop the party making such admission from denying its truth in subsequent stages of the controversy.

Error from Leavenworth district court; J. H. GILL-PATRICK, judge. Opinion filed October 11, 1902. Reversed.

STATEMENT.

PLAINTIFF'S action was for damages done by the burning of her barn. The petition charged "that the defendant, its officers and agents thereunto duly authorized and empowered, entered into and contracted with said plaintiff whereby the said plaintiff was to put and place lights in said barn for the use of the plaintiff"; that in putting in the necessary wires, the same were not large enough, not properly insulated, and were placed carelessly and negligently, so that the injury of which she complained resulted. The

answer contained a general denial and the following defense:

"And for a second and further ground of defense herein defendant refers to the foregoing part of this answer as part hereof, and further avers that, if plaintiff was in any wise damaged or injured as set forth in the petition, which this defendant denies, then the defendant avers that the plaintiff and her agents, by her duly appointed and authorized, so acted and conducted themselves as to contribute to the damage and injury complained of."

For reply, the plaintiff filed a general denial. Upon these issues a trial was had, which resulted in a verdict and judgment for the defendant. From it error was prosecuted to the court of appeals, northern department, eastern division, where the same was reversed, and the case remanded for further trial. (*Waller v. Heating Co.*, 9 Kan. App. 301, 61 Pac. 327.) A second trial was had on the same pleadings. The defendant then sought to show by competent evidence that it was not the owner of the electric-light plant that was operating the lights in plaintiff's barn at the time the fire occurred, but that another and separate corporation, from which plaintiff subsequently purchased, was at that time the owner. This evidence was rejected by the court upon the objection of the plaintiff, which objection was made in the following language:

" Plaintiff objects to the introduction of the deed [referring to a deed of the electric-light property conveying the same to the defendant at a date subsequent to the occurrence of the fire] for the reason that it is incompetent, irrelevant, immaterial, and not within the issues in this case, and for the additional reason that the defendant company, in its brief entitled 'In the appellate court of the state of Kansas, northern department, eastern division. Sophia Waller

plaintiff in error, v. The Leavenworth Light and Heating Company, defendant in error. Error from the district court of Leavenworth county. Brief of defendant in error. John H. Atwood and Wm. W. Hooper, attorneys for defendant in error,' admits on page 3, and otherwise in its brief, that before plaintiff's fire the Leavenworth Coal Company sold out its electric-lighting plant to the defendant; further, that it is a matter that has been passed upon by the court of appeals and decided.''

The same question was presented by the defendant by various offers to prove by competent evidence, and by the records of the several corporations, owners of the electric-lighting plant at different times, the time when defendant in error became the owner of the plant, all of which offers, upon the same objection, were refused and the evidence entirely excluded from the jury.

Defendant having rested without further offer of proof, the court instructed the jury to render a verdict in behalf of the plaintiff, upon which judgment was entered in her favor. To all of which defendant excepted, and is now here for the purpose of reversing this judgment.

*John H. Atwood*, and *William W. Hooper*, for plaintiff in error.

*John T. O'Keefe*, and *David Kelso*, for defendant in error.

The opinion of the court was delivered by

CUNNINGHAM, J.: The reasons urged for the exclusion of the evidence are, first, that the same was irrelevant and immaterial, because not within the issues in this case; second, that when the case was in the court of appeals, defendant's attorneys admitted in their brief, filed in that proceeding in error, that the

defendant was the owner of the electric-light plant at the time of the fire.  In support of the first conten-tion, it is urged, first, that the plea of contributory negligence, contained in defendant's second defense, was in effect an admission that defendant caused the damage complained of ; that to deny defendant's negligence is inconsistent with the plea of contributory negligence on the part of the plaintiff; that there could be no contributory negligence on the part of the plaintiff without the antecedent negligence on the part of defendant.  In the language of the defendant in error, "the plea of contributory negligence is in the nature of a plea of confession and avoidance, and, if this be true, then the defendant is estopped from denying its identity as the party properly sued."

This raises a novel and important question in our practice.  It will be observed that the defendant's answer contained a general denial.  This, standing alone, would have put the plaintiff upon proof of all of the material allegations in her petition.  One of these allegations was that the defendant's negligence was the cause of her injury.  She was thereby required not only to establish negligence, but to connect the defendant with such negligence, by showing its ownership of the electric-light plant at the time of the injury. (*Kansas Pac. Ry. Co. v. Searle*, 11 Colo. 1, 16 Pac. 328 ; *Jackson v. Feather River Water Co.*, 14 Cal. 19 ; *Schular v. Hudson River Rail Road Company*, 38 Barb. 653 ; *Greenway, v. James*, 34 Mo. 328.)  This she sought to do in making her case by introducing evidence that the defendant was the owner of the electric-light plant at that time.  This denial, standing alone, would not only, require this proof at the hands of the plaintiff, but, *per contra*, permit the defendant to disprove this ma-

1. Pleading and proof of negligence.

terial matter.   (*Davis v. McCrocklin*, 34 Kan. 218, 8 Pac. 196.)

It will be further observed that the defendant in its second defense, while still denying generally, says that "*if* plaintiff was in anywise damaged," then such damage was occasioned by the contributory negligence of the plaintiff or her agents.   We do not think this claim inconsistent with the claim that the injury was not committed by the defendant, or occurred through its negligence.   The defendant in error cites various authorities in support of her claim.   They are strongly stated in a citation from the Encyclopedia of Pleading and Practice, volume 5, page 11, as follows :

2. Inconsistent defenses.

"The plea of contributory negligence is a plea in confession and avoidance, which admits negligence on the part of the defendant, but seeks to avoid liability therefor by alleging that plaintiff was guilty of negligence which contributed to his injury."

We are not ready to grant that the authorities cited fairly support the law as thus laid down, though remarks *obiter dicta* contained in some of them probably do. However, immediately following this quotation is the statement : "But this is not the rule in those states whose codes permit the defendant to set up as many defenses, whether of law or of fact, as he may see fit."

Our statute (Gen. Stat. 1901, § 4528) permits the defendant to "set forth in his answer as many grounds of defense . . . as he may have, whether they be such as have been heretofore denominated legal or equitable, or both."   Notwithstanding this provision, the pleader may not rely in the same plea on absolutely inconsistent defenses.   He cannot admit and deny in the same breath.   He may, however, so adapt his pleadings as to meet the possible conditions and

contingencies of the case that his opponent may prove. He may say: "I was not negligent. I am wholly innocent in that matter. It is possible, however, that you may be able by your indirection, or my misfortune, to satisfy the jury that I am at fault; if you do, I shall assert that the injury was occasioned through your contributory negligence." Or, he may say: "If there was negligence, which was the cause of your injury, I was not its author," and, at the same time, say: "If you were injured by the negligence of any one, you are not entitled to relief, for you contributed thereto by your negligence." It certainly would be a very great hardship to a defendant who, knowing that he was not negligent, and knowing that the plaintiff was, to compel him, at his peril, to elect which of these defenses, equally good, he should adopt. These defenses are not inconsistent. The truth of either by no means implies the falsity of the other. They may be used for the purpose of presenting the exact facts in a given case.

Beyond question, a defendant might take advantage of plaintiff's contributory negligence, should such be developed in the making of plaintiff's case, even though the defendant had pleaded nothing but the general denial. It would be a queer rule that would deprive him of this, had he added to such general denial a plea of contributory negligence. The plea of contributory negligence, standing alone, would be one in avoidance, but it cannot be said to be one in confession, where accompanied by a general denial. In *Louisville & Nashville R. R. Co. v. Hall*, 87 Ala. 708, 6 South. 277, 4 L. R. A. 710, 13 Am. St. Rep. 84, at page 724, the law was announced as follows:

"A denial of the negligence charged, or plea of not guilty, although pleaded separately, repels all pre-

sumption of confession which arises from the plea of contributory negligence when pleaded alone."

In *Cole v. Woodson*, 32 Kan. 272, 4 Pac. 321, which was an action for slander, where defendant had denied, and also pleaded, the truth of the slanderous words, this court said, at page 276:

"It would certainly be a great hardship to a defendant who has been sued for slander to be required to admit that he had used the alleged slanderous words, when in fact he may never have used them, in order that he may be allowed to show that such words are in fact true. And it would equally be a great hardship to him to be required in effect to admit that the words are false and slanderous, when in fact they may be true, in order to be allowed to make the defense that he never used such words. Our statutes do not tolerate any such unjust rules, but allow a defendant to set forth as many defenses as he may have, which, in slander cases, may be that he did not use the words charged, and also that the words are true. And it makes no difference what the common law may have been, or what may have been decided by courts in other states, where their statutes are different from the statutes of Kansas. The statutes of Kansas must govern in actions originating and instituted within the borders of Kansas, and where they are clear and explicit, we need not look any further."

In *Bell v. Brown*, 22 Cal. 671, at page 678, the court, commenting on the provisions of a statute like our own, on a right it gives a defendant to set up all his defenses, said :

"It is an absolute right given him by law, and the principle is as old as the common law itself. He may fail to prove one defense by reason of the loss of papers, absence, death, or want of recollection of a witness, and yet he ought not thereby to be precluded from proving another equally sufficient to defeat the action."

In *Treadway v. The S. C. & St. P. R. Co.*, 40 Iowa,

526, the law was laid down in the syllabus: "An admission in the nature of a confession and avoidance in one count of an answer, does not operate to admit matter formally denied in other counts." In *Weaver v. Carnahan*, 37 Ohio St. 363, it was held that a defendant, when sued to recover the value of services rendered, may deny that the services were rendered, and also allege that, if rendered, their value was less than the amount claimed. For cases holding analogous views, see Encyclopedia of Pleading and Practice, volume 1, page 857.

It is further contended by the defendant in error that this evidence was not within the issues in the case, for the reason that the allegation of the petition as to the agency of the parties who placed the wires in plaintiff's building for the defendant, not being denied under oath, must be admitted as true. This allegation was:

3. Allegation of agency.

"The defendant, its officers and agents thereunto duly authorized and empowered, entered into and contracted with the said plaintiff whereby the said defendant was to put and place lights in said barn for the use of the plaintiff in and about such business."

This is an allegation of action, not of agency. It is nothing more than an averment that the defendant did these things.

"A failure to deny under oath an allegation that a principal through his agents did a certain act is not an admission under the statute (requiring the denial to be under oath) that the principal did the act complained of." (16 Encyc. Pl. & Pr. 910, note 2—citing *Mo. Pac. Rly. Co. v. Finley*, 38 Kan. 550, 16 Pac. 951.)

It is further insisted that the court was right in excluding this evidence, because the defendant had estopped itself from denying that it was the owner of the lighting plant at the

4. Not estopped by brief.

time the injury occurred by its admissions in the brief referred to in the statement of facts, and because at no prior time through the progress of this litigation, which commenced in May, 1893, had it made any such claim or offer of proof. We know of no principle of law which would operate as an estoppel on the defendant as thus claimed. The admission contained in the brief of plaintiff in error filed in the court of appeals was one for the purposes of that case, made, presumably, because the record in that case showed it to be so. Had it been made absolutely, and as a matter of fact, without regard to what the record there showed, there is nothing about it to operate as an estoppel—nothing appearing that the plaintiff ever acted or relied upon such admission to her detriment. It would hardly do to hold that a chance or mistaken admission, accidentally made, as to facts, would forever preclude the party from showing what the facts actually were, and, besides this, the matter pending before the court of appeals was another and different one from the matter tried before the district court, as it is well settled in this state that proceedings in error are independent actions, and not a continuation of the action at *nisi prius*.

Nor do we think the fact that, for the first time in the progress of the litigation, defendant then sought to show that it was not the owner of the light plant at the time of the injury, avails. It can easily be seen how such a fact might be overlooked by an attorney trying a case, or by the officers of a corporation who had newly come to their offices and were unaquainted with the history of the corporation, or, even if fully known by either of these, we know of no rule that precludes a party from proving a meritorious defense on the second trial, though he had neglected to do so

on the first.    Second trials are often sought for the purpose of introducing such proof.

We think the district court erred in refusing to permit the proof offered ; therefore we reverse its judgment and remand the case for a new trial.

All the Justices concurring.