## In re MEEHAN'S ESTATE.

(Supreme Court, Appellate Division, First Department. May 31, 1912.)

1. MARRIAGE (§ 40*)—PRESUMPTION OF VALIDITY—SUFFICIENCY OF EVIDENCE.

   Where the legality of intestate's second marriage was attacked after 30 years and the death of the parties, by relatives who would deprive the children of the second marriage of their inheritance by branding them as illegitimate, the presumption of the continuance of the prior marriage, arising from proof of its ceremonial performance, was insufficient to overcome the presumption of the validity of the second marriage, arising from proof of its ceremonial performance followed by long cohabitation and the birth of children.

   [Ed. Note.—For other cases, see Marriage, Cent. Dig. §§ 58–69, 79; Dec. Dig. § 40.*]

2. MARRIAGE (§ 40*)—VALIDITY—BURDEN OF PROOF—SUFFICIENCY OF EVIDENCE—PRESUMPTION.

   The burden in such case was upon the parties attacking the validity of the second marriage to prove their case by evidence instead of presumptions.

   [Ed. Note.—For other cases, see Marriage, Cent. Dig. §§ 58–69, 79; Dec. Dig. § 40.*]

Appeal from Surrogate's Court, New York County.

Application for letters of administration de bonis non on the estate of Frank C. Meehan, deceased. Appeal from a decree granting the letters. Decree affirmed.

Argued before INGRAHAM, P. J., and LAUGHLIN, CLARKE, SCOTT, and MILLER, JJ.

Edward W. Hatch, of New York City, for appellant.

Harold Nathan, of New York City, for respondent Frank D. Meehan.

R. E. Digney, of White Plains, for respondent Grace Meehan.

MILLER, J. A marriage ceremony between Frank C. Meehan, the intestate, and Caroline F. McDonald, was solemnized according to the rites of the Roman Catholic Church on January 30, 1881, and the said parties thereto lived and cohabited together, and were recognized by their friends and acquaintances as husband and wife from that time until the death of the latter on August 21, 1902. Her estate was administered by the survivor, who died on March 24, 1906. Two children, a son and a daughter, were born of that marriage. This is a contest between the respondents, said children, and the appellants, a brother and sister of the deceased, for the right to administer his estate. The appellants assert that said marriage was invalid because Meehan had a wife living at the time it was contracted. A ceremonial marriage between him and Sarah Ruppius was solemnized, also according to the rites of the Roman Catholic Church, on September 16, 1877. They lived together but a short time. There is evidence, however, tending to prove that said Ruppius was alive after the second marriage and was seen in his company even after the death of the respondents' mother. But there is nothing to

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

show that she ever made a claim upon him, or that they ever maintained matrimonial relations after the first separation. She has never appeared to claim a share of his estate. There is testimony which suggests that Meehan obtained a divorce from her, and the surrogate found that their marriage was legally dissolved prior to January 30, 1881.

[1] There are certain presumptions to which both sides agree, i. e., the presumption of innocence, the presumption of the legality of a marriage, which is strengthened if it be a ceremonial marriage, and the very strong presumption which the law always indulges in favor of the legitimacy of children. But the appellants invoke the well-known rule that a state of facts once proved to exist is presumed to continue, and, in particular reliance upon Matter of Hamilton, 76 Hun, 200, 27 N. Y. Supp. 813, assert that they have proven that Meehan had a wife living when he contracted the second marriage, and, at any rate, that the case presents conflicting presumptions of equal strength which neutralize each other, leaving the burden upon the one having the affirmative to prove it.

In the case relied upon, the appellant, claiming to be the widow of the testator Hamilton, undertook to contest his will; but it was shown that prior to her marriage to him she had contracted a marriage with one Mann, and the court held that the burden was upon her to prove that the former marriage had been dissolved. In this case it does not appear that any living person, whose whereabouts are known, has knowledge of the fact to be proved—a sufficient reason, if there were no other, to distinguish the Hamilton Case. There is evidence in the record which suggests a possible situation in which the Hamilton Case would apply. It appears by the certificate, put in evidence by the appellants to prove the first marriage, that the said Ruppius had already been married, as her maiden name was given as Taylor. If then she had appeared and claimed the right to letters of administration, she would have had to prove, under the doctrine of the Hamilton Case, that her marriage to Ruppius had been dissolved.

While there appears to be no case in this state directly in point, there are numerous decisions in other jurisdictions to the effect that, if necessary to support the legality of the second marriage, it will be presumed, in the absence of evidence to the contrary, that the first marriage had been legally dissolved. See Hunter v. Hunter, 111 Cal. 261, 43 Pac. 756, 31 L. R. A. 411, 52 Am. St. Rep. 180; Pittinger v. Pittinger, 28 Colo. 308, 64 Pac. 195, 89 Am. St. Rep. 193; Erwin v. English, 61 Conn. 502, 23 Atl. 753; Potter v. Clapp, 203 Ill. 592, 68 N. E. 81, 96 Am. St. Rep. 322; Boulden v. McIntyre, 119 Ind. 574, 21 N. E. 445, 12 Am. St. Rep. 453; Leach v. Hall, 95 Iowa, 611, 64 N. W. 790; Howton v. Gilpin (Ky.) 69 S. W. 766; Killackey v. Killackey, 156 Mich. 127, 120 N. W. 680; Maier v. Brock, 222 Mo. 74, 120 S. W. 1167, 133 Am. St. Rep. 513, 17 Ann. Cas. 673; Thewlis' Estate, 217 Pa. 307, 66 Atl. 519; Carroll v. Carroll, 20 Tex. 732; Thomas v. Thomas, 53 Wash. 297, 101 Pac.

865. We prefer, however, to rest our decision on a somewhat broader ground.

The law indulges in presumptions from the necessities of the case in the absence of sufficient evidence to establish the fact to be proved. While the known facts may be insufficient of themselves to justify a particular inference, they may tend to weaken or strengthen a particular presumption. There can consequently be no iron-clad rule, and as the surrounding circumstances of different cases are rarely the same, precedents in this class of cases can rarely be controlling. In this case the presumption of the validity of the second marriage is greatly strengthened by the uninterrupted cohabitation of the parties to it for more than 20 years and until the death of one of them, the attitude of their friends, relatives, and acquaintances, the birth of children, and the conduct of the alleged former wife. It is not correct therefore to say that the presumption of the continuance of the first marriage, assuming it to have been valid, is as strong as the presumption of the validity of the second marriage.

[2] We think that, where the fact of a marriage, especially of a ceremonial marriage, followed by the long cohabitation of the parties and the birth of children, is established, it is incumbent upon whoever assails the validity of the marriage and the legitimacy of the children to prove his case, by evidence instead of presumptions, even if that involve proof of a negative, and especially when, as here, the attempt is made after the lapse of 30 years and the death of the parties, not by any one claiming rights under an alleged prior marriage, but by relatives who would deprive children of their inheritance by branding them as illegitimates. The appellants have failed to bear the burden of proof imposed upon them. The first marriage may have been legally dissolved, or, what is quite as probable, it may have been invalid because the said Sarah Ruppius had a husband living at the time.

The decree should be affirmed, with costs and disbursements. All concur.