[Civil No. 1559.   Filed May 21, 1919.]

[181 Pac. 171.]

## C. D. YOUNG, Appellant, v. COLIN CAMPBELL and DAN CAMPBELL, Appellees.

### ON REHEARING.

1. NEGLIGENCE—PLEA OF CONTRIBUTORY NEGLIGENCE—GENERAL DENIAL. A general denial and plea of contributory negligence do not constitute inconsistent defenses, and may be pleaded together, and negligence on the part of the defendant is not admitted on plea of contributory negligence followed by a general denial.

2. APPEAL AND ERROR — SETTLEMENT RENDERING QUESTIONS MOOT— DISMISSAL.—Where, after rehearing has been ordered, the parties reach a settlement rendering the questions at issue, raised on the motion for rehearing, moot questions that will receive no further notice, the appeal will be dismissed.

For former opinion, see *ante,* p. 71, 177 Pac. 19.

APPEAL from a judgment of the Superior Court of the county of Maricopa. F. H. Lyman, Judge. Appeal dismissed.

Mr. P. H. Hayes and Messrs. Alexander & Christy, for Appellant.

Messrs. Bullard & Jacobs, for Appellees.

CUNNINGHAM, C. J.—The appellees moved for a rehearing, alleging that the opinion filed in the case sets forth a doctrine in procedure that is more than novel, but is in its nature without support of the law.

The rehearing was granted on the grounds that the language used by the court in its opinion is open to be understood in the sense that the appellees criticise it. The principal criticism is that the opinion holds that a plea of contributory negligence is an admission of record that the pleader has been guilty of negligence as a fact, notwithstanding he has interposed a general denial putting in issue his negligence.

Such is not the rule intended to be applied by this court in this case. The general rule, as stated in 29 Cyc. 582, is applicable, in most cases, to our system. The rule is there stated in the following language:

"A general denial and plea of contributory negligence do not constitute inconsistent defenses, and may be pleaded together, and negligence on the part of the defendant is not admitted by a plea of contributory negligence following a general denial."

We do not wish to be understood as announcing the rule as appellees contend we have announced it. We expressly withdraw all language used in the opinion which has the effect of supporting such rule. The judgment having been vacated by the order granting a rehearing, the reasons for the judgment are withdrawn.

Since the court ordered a rehearing in this case the parties have reached a settlement, of which we are informed. As a consequence, the questions at issue, raised on the motion for a rehearing, have become moot questions, and will not receive further notice.

The cause having been settled, upon motion of appellant, acquiesced in by the appellees, the appeal is dismissed.

ROSS and BAKER, JJ., concur.