## Stanley v. J. S. Rogers Company et al.

*Marriage—Presumption from cohabitation and reputation—Meretricious inception of relationship—Removal of disability.*

1. Where the relations between a man and a woman began meretriciously, as where the man was married to another woman, no presumption of a valid marriage arises upon the mere removal of the disability, as where the man subsequently obtains a divorce.

2. The presumption of marriage from cohabitation and reputation falls in the face of positive evidence that there was no marriage between the parties.

Appeal from Workmen's Compensation Board. C. P. No. 2, Phila. Co., June T., 1924, No. 1967.

*J. Morris Yeakle*, for plaintiff.

*Ralph N. Kellam* and *J. Webster Jones*, for defendants.

LEWIS, J., Dec. 31, 1924.—The facts involved in this appeal from the Workmen's Compensation Board are substantially: Mary Stanley and John Stanley were married March 7, 1906, and resided near East New Market, Maryland. The claimant, Nellie Dashiell, was, prior to 1915, also a resident of this neighborhood and was acquainted with Mary and John Stanley. The latter left his wife sometime prior to 1915 and went to live with Nellie Dashiell. This couple moved to Chester, Pennsylvania, between 1915 and 1917, and on Dec. 25, 1917, went through a marriage ceremony. Two years later, on Dec. 16, 1919, John Stanley was granted a decree of divorce from Mary Stanley, and shortly thereafter he handed a copy of "the divorce papers" to Nellie Dashiell, telling her these were the divorce papers that she had wanted. This ceremony of Dec. 25, 1917, was the only formal ceremony of marriage participated in by Stanley and the claimant. They continued to live as man and wife, and John Stanley contributed to the support of the claimant up to the time he was killed while in the employ of the defendant, this occurring on Feb. 12, 1923. Nellie Dashiell filed a claim for compensation as the wife of John Stanley. The referee found that she was the common law wife of Stanley, and this finding was sustained by the Compensation Board, defendant appealing to this court.

There is no evidence that after the divorce of John Stanley from Mary Stanley there was any conversation or agreement between Nellie Dashiell and John Stanley that could be interpreted as a contract of marriage. The evidence from which a common law marriage was found to exist consisted only of cohabitation and reputation as man and wife. It is well settled that cohabitation and reputation are facts from which only a presumption of marriage arises, and this presumption falls in the face of positive evidence that there was no marriage between the parties. Here the claimant admitted there was no second ceremony of marriage after the divorce of John Stanley from Mary, and the referee has found as a fact that "the decedent and the claimant were not legally married" (that is, by ceremony or contract) "subsequent to this divorce."

Where, as in the present case, the relations began meretriciously, each knowing of the existing marriage of John Stanley with Mary Stanley, no presumption of a valid marriage arises upon the mere removal of the disability. There is no evidence from which any change in the relation originally entered into between the parties can reasonably be inferred. As was said by Judge Berger in Engler *v*. Philadelphia and Reading C. & I. Co., 18 Schuyl. Legal Rec. 411, in a like case: "Under circumstances such as here exist, we

Stanley v. J. S. Rogers Company et al.

are of the opinion that the principle that where 'the relation between the parties was illicit in its inception, a marriage will not be presumed because of cohabitation and reputation without proof of a change of the relation,' is applicable: Patterson's Estate, 237 Pa. 24, 28. Thewlis's Estate, 217 Pa. 307, is, in our opinion, neither applicable nor controlling under the evidence in this case: Knecht v. Knecht, Appellant, 261 Pa. 410, 415, 416, 417."

For the reasons indicated, it appears that the finding that Nellie Dashiell was the common law wife of the decedent is not supported by competent evidence and the award must be set aside.

And now, Dec. 31, 1924, the award of compensation to Nellie Dashiell is reversed, and judgment is directed to be entered in favor of the defendant.