[Civil No. 2669. Filed December 19, 1927.]

[262 Pac. 11.]

MALVINA BACHE, Appellant, v. LOUIS H. BACHE, Appellee.

Mr. Fred Blair Townsend and Messrs. Light & Lane, for Appellant.

Mr. W. E. Ferguson, for Appellee.

LOCKWOOD, J. — Louis H. Bache, hereinafter called plaintiff, brought suit in the superior court of Navajo county against Malvina Bache, hereinafter called defendant, for the purpose of annulling a marriage contracted between the parties. The original complaint was amended and answer made thereto, which latter was also amended, and a motion to strike such amended answer, together with a demurrer and a reply, was filed by the plaintiff. On this state of the record plaintiff moved for judgment on the pleadings, which motion was granted by the court, and defendant has brought the matter before us for review.

It appears from the various pleadings that plaintiff, in order to support his demand for an annulment of the marriage, relied upon a certain statute of the state of Illinois, the place where the marriage contract was entered into. The amended complaint, so far as this issue is concerned, reads as follows:

"That on the 25th day of September, 1912, the defendant and the plaintiff were married in the county of Cook, state of Illinois; . . . that previous to said marriage and on July 23d, 1912, the defendant had been granted a decree of divorce from one William E. Sweeting, under the law of the District of Columbia, United States of America; . . . that the said divorce was for adultery, and that the defendant here was the plaintiff in that action; . . . that under the Revised Statutes of the state of Illinois of 1908 [chapter 40, § 1a], which statutes were in force at the time of the

solemnization of said marriage as aforesaid, a remarriage was forbidden within one year from the date of divorce where the said divorce was secured on the grounds of adultery. . . . ''

To this allegation defendant answered as follows:

''On information and belief defendant denies that, under the Revised Statutes of the state of Illinois of 1908, or of any statute of said state in force at the date of the solemnization of the marriage of the plaintiff and defendant or under any statute at all, a remarriage was forbidden within one year from the date of divorce, or at all forbade a remarriage where a decree of divorce had become final under the jurisdiction of the court granting such divorces. In the same manner defendant denies that under the statute of the state of Illinois of the year of 1908, or of any other year, or of any other statute, or at all, a remarriage, or any marriage, was declared to be held as absolutely or at all void; . . . denies that there was any legal impediment to the contracting of a legal marriage between the plaintiff and defendant on the said 25th day of September, 1912, and defendant alleges that on said September 25th, 1912, the plaintiff and defendant intermarried, and ever since have been, and now are, husband and wife. . . . ''

Thereafter defendant amended her answer by adding the following:

''And, further answering plaintiff's complaint, defendant alleges that the plaintiff was advised and fully informed as to the application of this defendant for divorce . . . and the grounds thereof, and of the date of rendering of the decree therein; . . . that the said place of solemnization of said marriage was selected by the plaintiff; . . . and that the defendant was wholly ignorant in fact of the law of the state of Illinois respecting marriages, and believed she was entering into a legal and valid marriage with plaintiff. . . . ''

Plaintiff's motion to strike was directed principally to this amendment to the answer. The record is not explicit as to the court's ruling thereon. The judg-

ment, however, would imply that the motion was denied, as it states:

"Said action was tried upon the amended complaint of the plaintiff for annulment and the amended answer of the defendant with a supplemental answer thereto. . . . "

The first assignment of error, and the only one which we consider it necessary to discuss, is that the court erred in sustaining the motion for judgment on the pleadings, on the ground that an issue of fact was joined which it was essential for plaintiff to establish by evidence in order that judgment should be rendered in his favor, and that no evidence was introduced in the case to sustain such issue. It is evident from the foregoing quotation from plaintiff's complaint that he relied upon a certain alleged statute of the state of Illinois to sustain his demand that the marriage should be annulled. Defendant in her answer denies specifically that there was any such statute. It was therefore necessary that its existence be shown before plaintiff could recover.

The courts of Arizona do not take judicial notice of the statutes of the state of Illinois. 36 Cyc. 1252. Paragraphs 1731 and 1734, Revised Statutes of Arizona of 1913, Civil Code, provide the manner in which such statutes may be proved. Since plaintiff's whole case depended on the existence of the Illinois statute set up by him, and no evidence whatever was introduced on that point, it is obvious that in the face of defendant's denial a judgment on the pleadings was erroneous. It is urged, however, on behalf of plaintiff, first, that defendant stipulated as to the existence of the Illinois statute, and that its legal effect was correctly set up by plaintiff in his complaint, and, second, that by the amendment to the answer above quoted she admitted its existence as pleaded. So far as the alleged stipulation is concerned, there is nothing in the record showing it was ever made.

There remains, then, for our consideration, the effect of the amendment to the answer. It is argued by plaintiff that the statement therein, "that the defendant was wholly ignorant in fact of the law of the state of Illinois respecting marriages, and believed she was entering into a legal and valid marriage with plaintiff," was an admission that the law of Illinois was as set up on plaintiff's complaint, and therefore no proof of such law by him was required. We cannot agree with plaintiff in his construction of the effect of this allegation. Examining the answer of defendant as amended, it is evident that she set up two separate defenses to the complaint, the first being a denial that there was any defect in the marriage, and the second that she was ignorant of the law of Illinois and in good faith entered into a contract of marriage, believing it to be valid.

Paragraph 467, Revised Statutes of Arizona of 1913, Civil Code, reads in part as follows:

"The defendant in his answer may plead as many several matters, whether of law or fact, as may be necessary for his defense, and which may be pertinent to the cause. . . ."

This provision of our Code was evidently taken from Texas. In that state it has been repeatedly held that under such a statute the defenses pleaded may be inconsistent. *Hillebrant* v. *Booth,* 7 Tex. 499; *St. Louis etc. R. Co.* v. *Whitley,* 77 Tex. 126, 13 S. W. 853; *Welden* v. *Texas C. M. Co.,* 65 Tex. 487. Such is also the rule in California, a state whose statute on this point, although not identical with ours, is very similar in its language. *Buhne* v. *Corbett,* 43 Cal. 264; *Wall* v. *Mines,* 130 Cal. 27, 62 Pac. 386. And indeed, the decided weight of authority in the Code states, where inconsistent answers are not expressly forbidden, is to the same effect, though there are a number of cases to the contrary.

This court has never decided specifically as to whether or not inconsistent defenses may be pleaded. We have, however, in the case of *Young* v. *Campbell,* 20 Ariz. 355, 181 Pac. 171, held that when plaintiff alleges negligence on the part of a defendant as the basis of his action, the defendant may plead a general denial and contributory negligence, without thereby admitting that he, the defendant, has been guilty of negligence as a fact, and that the two defenses are not inconsistent. The rule laid down in *Young* v. *Campbell, supra,* can be sustained only on the theory that a general denial and a plea in confession and avoidance are not inconsistent defenses. *Leavenworth Light etc. Co.* v. *Waller,* 65 Kan. 514, 70 Pac. 365; *Jackson* v. *Natchez etc. R. Co.,* 114 La. 982, 108 Am. St. Rep. 366, 70 L. R. A. 294, 38 South. 701; *Dutro* v. *Ladd,* 50 Or. 120, 91 Pac. 459; *Brown* v. *Porter,* 7 Wash. 327, 34 Pac. 1105; 31 Cyc. 151.

Without determining, therefore, whether in this state inconsistent defenses may be pleaded, we hold that a general denial and a plea in confession and avoidance are not legally inconsistent, whatever they may be logically, and that the latter plea does not relieve the plaintiff of meeting the issues of the general denial. In the case at bar the amendment to the answer, even if we hold it admits by implication the existence of the Illinois statute as set up by plaintiff, was certainly a plea in confession and avoidance. There was therefore no admission on behalf of defendant of the Illinois statute which would relieve plaintiff from the necessity of meeting the general denial by evidence, and the motion for judgment on the pleadings should have been denied.

It is not necessary for us to consider the other questions raised. The judgment of the superior court of Navajo county is reversed and the cause remanded, with instructions to deny the motion for judgment on

the pleadings, and for such further proceedings as may be in conformity with the views expressed herein.

ROSS, C. J., and McALISTER, J., concur.