## Estate of Abraham Schwartz.

280

Submitted October 9, 1929.

Before PORTER,
P. J., TREXLER, KELLER, LINN, GAWTHROP, CUNNING-
HAM and BALDRIGE, JJ.

*Paul M. Wintrob,* for appellant.

No appearances and no printed brief for appellee.

OPINION BY LINN, J., January 29, 1930:
This appeal is by the widow of an intestate from distribution of his estate. The case was submitted here without oral argument and without either appearance or brief for appellees. As decedent left no issue,

the court awarded one-half the estate to the widow and the other half to appellees—7 nephews and nieces of whom 6 resided in Roumania.

Appellant thus states the single question involved in this appeal: "Is there sufficient legal evidence under the laws of Pennsylvania to establish the kinship of certain Roumanian nephews and nieces of the decedent entitling them to participate in the distribution of his estate against the objection of his widow, who in default of their legal right to take, is entitled to receive the whole of the decedent's estate?"

The point is whether any of appellees is a legitimate child. The record contains the testimony of a nephew who appeared in the court below, and of certificates issued by Bureaus of Vital Statistics in various towns in the Kingdom of Roumania agreed to be duly authenticated. This evidence is in the record without objection. We shall refer only to the testimony concerning two of the nephews (cousins of the witness) who are described by appellant in her petition for distribution as "these two said to be legitimate." If they are legitimate nephews of decedent, the widow concedes that her appeal must fail.

A nephew, 34 years of age, testified that though he did not remember the date on which his uncle and aunt were married, he knew that they were married in Roumania, first by a rabbi and subsequently by a civil marriage; he states particularly some of the circumstances of the civil marriage. Appellant contends that the witness should not have been permitted to testify to the fact of marriage because he had not the "slightest knowledge or even opportunity of knowing anything about the laws of Roumania" and was not "competent to testify upon a matter of foreign laws ......" He was of course not testifying as an expert on the law of Roumania, but merely to the fact of the marriage of his aunt of which he claimed to have personal

knowledge. A certified copy of the birth certificate of Aizic Sfartz (one of the nephews) describes him as "legitimate son" of his parents; another certificate so describes Itic Sfartz, the other nephew. With the evidence of the witness referred to, those certificates cannot be disregarded, as appellant suggests, merely because the decedent spelled his name Schwartz. There was sufficient evidence of marriage to enable the learned court below to find the fact (Radinovitz's Est., — Pa. —— (January 27, 1930); Chambers v. Dickson, 2 S. & R. 475; Thorndell v. Morrison, 25 Pa. 327; Com. v. Stump, 53 Pa. 132; Stevenson's Est., 272 Pa. 291; Thewlis' Est., 217 Pa. 307; Wigmore, Evidence Vol. III, Sec. 2082-2084); and further we do not inquire: Stevenson's Est., supra. As two of the nephews are legitimate, the widow's claim is limited to the one-half of the estate awarded to her.

Decree affirmed at the cost of appellant.