179 P.2d 229

**WORSHAM v. BAUCHARD.**

No. 4907.

Supreme Court of Arizona.

April 7, 1947.

244

Leo T. Stack, of Prescott, for appellant.

Urban R. Miller, of Williams, and F. M. Gold, of Flagstaff, for appellee.

STANFORD, Chief Justice.

This is an appeal from an action brought and decided in Coconino County, Arizona, asking for a declaratory judgment adjudging that defendant, Clara Esteline Worsham, is not the surviving spouse of Kenneth T. Worsham, who, while in the military service of the United States, was killed in action on or about June 24, 1944, in Italy.

Defendant, as Esteline Clara Johnson, and Fryer Preston Halsey, were married in Beckham County, Oklahoma, on May 2, 1934, as shown by a certified, but not authenticated copy of marriage certificate which was admitted as evidence in the case. At the time of her marriage she was under the age of fifteen years being under the claimed age of consent to get married in that state. On November 8, 1944, in Yavapai County, Arizona, defendant, Clara Esteline Worsham, obtained a decree of annulment of her aforesaid marriage, but prior thereto, on April 7, 1942, the said de-

-fendant entered marriage relations with Kenneth T. Worsham at Gallup, New Mexico, as shown by the original marriage certificate admitted as evidence in the case.

The trial court by its findings found, in addition to the foregoing facts, the following:

"That said Kenneth T. Worsham was, at the time of his death, a legal resident of Coconino County, State of Arizona.

"That the plaintiff, Mary Bauchard, now is and ever since the 13th day of March, 1943, has been the duly appointed, qualified and acting administratrix of the estate of said Kenneth T. Worsham, deceased, under and by virtue of an order of appointment and letters of administration issued by the Superior Court of said Coconino County.

"That the plaintiff, and the defendant Sibyl Worsham Urban are sisters of said decedent, and the defendant Milton C. Worsham is a brother of said decedent.

"That by reason of said marriage then existing between said defendant Clara Esteline Johnson and said Fryer Preston Halsey, she was not legally qualified to enter into the marriage relation with said Kenneth T. Worsham, and did not become his lawful wife by reason of such marriage ceremony, and has never at any time been the lawful wife of said Kenneth T. Worsham, and is not now his surviving wife.

"That both parents of said Kenneth T. Worsham, deceased, were deceased at the time of his death, and he left no children or other descendants."

By the judgment the trial court found the issues for plaintiff from which defendant, Clara Esteline Worsham, appeals. The issues for this court to determine are, was the venue properly laid in Coconino County, or should the cause have been transferred to Yavapai County, the residence of appellant, and are the findings and judgment appealed from supported by the law and the evidence.

The record shows that defendant, Clara Esteline Worsham, was a resident of Yavapai County. She cites as the rule on this subject 67 C.J., Venue, sec. 168: "Under some statutes the test for determining whether an action is rightly brought against a defendant found and served in the county, so that other defendants thereto may be served in a foreign county, is whether he is a bona fide defendant to the action, and whether his interest is adverse to that of plaintiff. Where the statute requires him to be a 'material' defendant, it contemplates, not a merely nominal party, but a defendant whose interest is antagonistic to that of plaintiff and against whom a decree is sought, and who is therefore a necessary party. * * *"

Defendant contends that plaintiff does not ask for affirmative relief against the brother and sister of deceased who are made parties defendant with her. Section 27-706, A.C.A.1939, reads: "When declaratory relief is sought, all persons shall be

made parties who have or claim any interest which would be affected by the judgment, and no judgment shall prejudice the rights of persons not parties to the proceeding * * *".

Section 21-101, A.C.A.1939, reads: "No person shall be sued out of the county in which he resides, except: * * *".

Following this there are some seventeen exceptions, but number 7 of that group reads as follows: "Where there are several defendants residing in different counties, action may be brought in the county in which any of the defendants reside."

In the answer of the defendant Clara Esteline Worsham, which was filed without waiving her motion and affidavit for change of venue because of her insistence that she was not sued in the proper county, she set forth the reasons why she would be entitled to judgment under the action brought by plaintiff herein. It appears to us that under the declaratory judgment act and our venue statute (Section 21-101, A.C.A.1939) the plaintiff had a perfect right to make the defendant, Clara Esteline Worsham, a party defendant to this action and sue her in the County of Coconino where the action was brought which was the residence of the other two defendants, Milton G. Worsham and Sibyl Worsham Urban.

On the second issue involved appellant refers to and quotes from Hatfield v. United States, 2 Cir., 127 F.2d 575, 577. From that case, which to a great degree is similar to the one at bar, we quote: "* * * But there is a presumption which does aid the appellant, namely, the presumption of the legality of a marriage formally celebrated. Matter of Dugro's Will, 261 App. Div. 236, 25 N.Y.S.2d 88, affirmed 287 N.Y. 595, 38 N.E.2d 706; Schouler, Marriage and Divorce, 6th Ed. § 1252. This presumption is not overcome by proof of a prior marriage, even when the second marriage occurs during the life of the first husband. Matter of Dugro's Will, supra; Matter of Meehan's Estate, 150 App.Div. 681, 135 N.Y.S. 723. * * * '* * * the presumption will not fail unless common sense and reason are outraged by a holding that it abides.' In other jurisdictions the presumption is no less strong. See 34 A.L. R. 464, 490-497. The affidavit of Hilda Hatfield was not proof that the second marriage was illegal; at best it was proof only that the affiant had no knowledge of a divorce from Freeman or of the dissolution of her marriage to Freeman in some other way. Consequently we think that the plaintiff did not overcome the presumption of the validity of Hilda's marriage to the insured and failed to prove his right to recover the proceeds of the policy for the insured's estate."

On the controversial question argued in each brief over the admission in evidence of the marriage license referred to of Ken-

neth T. Worsham and this defendant, Clara E. Worsham, we find that the license, which is the original one, is in due form carrying the seal of the court of the county out of which it was issued, in addition to other things, and also that the marriage certificate, on the back of same, imports verity in every way, and that it was duly recorded according to the certificate on the 7th day of April, 1942. Counsel for plaintiff objected to the introduction of the instrument just referred to on the ground that it was not identified in any way— merely submitted in evidence, and said counsel laid some stress on the fact that he reserved their record in respect to their objection.

 We see no merit to the contention of the plaintiff in this regard. Section 23-316, A.C.A.1939, is as follows: "Marriage certificate—Oral proof of marriage.—Any certificate of marriage executed in accordance with the laws of this state or of a foreign state or country, or the record thereof, or a certified copy of such record shall be prima facie evidence of the facts stated therein in any proceeding, civil or criminal, in which the matter may be drawn in question * * *".

On November, 8, 1944, there was a judgment of annulment entered in the superior court of Yavapai County, Arizona, in the case of Clara Esteline Johnson (Halsey) v. Fryer P. Halsey. The judgment in that case stated, among other things:

"It is ordered, adjudged and decreed that the purported contract of marriage between the parties at Sayre, Oklahoma, on or about the 2nd day of May, 1934, and the purported celebration thereof, was, and it is hereby declared to be, wholly null and void, ab initio, and each party is hereby declared to be wholly absolved from all obligation incident thereto, and it is further

"Ordered that plaintiff be, and she is hereby confirmed in her right to the sole and exclusive custody and control of the two minor children born to her as an issue of said purported marriage."

The foregoing was submitted as a part of plaintiff's case.

Plaintiff relied upon the law of the State of Oklahoma in the submission of this case to the trial court, but failed to comply with our statute on the subject of proving the laws of a foreign jurisdiction. Section 23-301, A.C.A.1939, reads: "Printed books purporting on their face to be the laws or statutes of any state, or of the United States, or of a foreign country, and to have been printed and published by the authority thereof or proved to commonly recognized in its courts, shall be received in the courts of this state as prima facie evidence of such laws or statutes."

Neither the marriage statutes of Oklahoma, nor the laws pertaining to annulments of that state, were introduced in evidence in the trial court and hence are not

248

now properly before us. The burden of proof was not sustained by the appellee who was the plaintiff in the trial court.

Section 23-303, A.C.A.1939, is: "The existence and the tenor or effect of foreign laws may be proved as facts by parol evidence, or by the books of reports of cases adjudged in the courts of such states; but, if it appears that the law in question is contained in a written statute, the court may reject parol evidence."

In the case of Bache v. Bache, 33 Ariz. 45, 262 P. 11, 12, we said: "The courts of Arizona do not take judicial notice of the statutes of the state of Illinois. 36 Cyc. 1252. Paragraphs 1731 and 1734, R.S.A. 1913, Civil Code, provide the manner in which such statutes may be proved * * *". (The above paragraphs are sections 23-301 and -303, A.C.A.1939).

 Because of plaintiff's failure to properly prove the Oklahoma law and decisions on marriage and annulments thereunder the trial court could not here determine whether the marriage in question was void ab initio or merely voidable. The plaintiff having wholly failed to sustain the burden of proof required of her by law there is no competent evidence in the record to sustain the judgment rendered.

Accordingly, the judgment is reversed and the case is remanded to the trial court for a new trial.

LaPRADE and UDALL, JJ., concurring.